274 So.2d 4 (1973)
IN THE INTEREST OF R.L.G., a Child.
No. 72-810.
District Court of Appeal of Florida, Fourth District.
February 28, 1973.
Robert V. Shea, Coral Gables, for appellant Helen Jean Halsell.
Pierre Lee Steward of Steward & Steward, Orlando, for appellee Elbert L. Gray.
PER CURIAM.
We have reviewed the briefs, record on appeal and heard oral argument and are of the opinion that the order awarding custody to the putative father rather than the natural mother is not supported by competent substantial evidence.
The paramount consideration in the determination of the custody of a child, whether legitimate or illegitimate, is the *5 best interest and welfare of the child. 17 Fla.Jur. Infants § 14. All jurisdictions recognize that within the framework of this principle the mother of an illegitimate child has a natural primary or prima facie right to the custody of a child as against a putative father unless she is proved to be an unfit person to be entrusted with such a charge. Marshall v. Reams, 1893, 32 Fla. 499, 14 So. 95; 98 A.L.R.2d 417  "Right of Mother to Custody of an Illegitimate Child"; 37 A.L.R.2d 882  "Right of Putative Father to Custody of Illegitimate Child"; 4 Fla.Jur. p. 637; Cornell v. Hartley, 1967, 54 Misc.2d 732, 283 N.Y.S.2d 318; Roe v. Doe, 1968, 58 Misc.2d 757, 296 N.Y.S.2d 865; Commonwealth ex rel. Gifford v. Miller, 1968, 213 Pa.Super. 269, 248 A.2d 63; Sanders v. Sanders, 1958, 232 S.C. 625, 103 S.E.2d 281. The evidence and the testimony before the Juvenile Court Judge who entered the decree awarding custody to the putative father is insufficient to demonstrate the unfitness or unsuitability of the natural mother. See Commonwealth ex rel. Gifford v. Miller, supra; Cornell v. Hartley, supra; Roe v. Doe, supra; see also Dillman v. Dillman, Fla.App. 1958, 105 So.2d 33.[1]
Accordingly, the order of the Juvenile Court awarding custody to the putative father is vacated and set aside and the cause remanded to the Juvenile Court for the purpose of entering an order awarding custody to the mother provided, however, that nothing herein is intended to preclude the Juvenile Court upon a proper pleading and proof from entering such other orders as may be deemed to be in the best interest and welfare of the child.
Reversed and remanded.
CROSS and MAGER, JJ., concur.
REED, C.J., dissents.
NOTES
[1] The record, for example, indicates that investigations were made of both the natural mother and putative father by the Division of Family Services. Although the agency could make no recommendation as to whether custody should be with the putative father, the agency did recommend that custody of the illegitimate child should be with the natural mother.