ZEHMER, Judge.'
The issue on this appeal is whether the trial court erred in awarding the putative father temporary custody of his minor son, who had previously been declared a dependent child pursuant to Part III, Chapter 39, Florida Statutes. We affirm.
On appeal, the child’s mother argues that after she raised an issue of the child’s paternity before the circuit court in this Chapter 39 child custody proceeding, the court made a specific adjudication that appellee was the father and, as a consequence, granted ap-pellee custody. Appellant contends that the court’s determination of paternity could not lawfully be made in this Chapter 39 proceeding.
On the record before us, it appears that at no time prior to this hearing had appellant disputed appellee’s claim to being the father of the child. The only issue initially presented for hearing was whether temporary custody of the child should be given to the putative father, the mother, or the mother’s friends who had temporary custody at that time. Accordingly, we do not construe the order below as a final adjudication of the paternity of the child for all purposes. The sole issue on this appeal is the propriety of awarding custody to the appellee, and we hold that there was sufficient competent evidence before the circuit court to support a finding that ap-pellee is, for the purposes of this proceeding, the father of this child and that the best interests and welfare of the child are served by awarding temporary custody to appellee. It is axiomatic that in a child custody dispute between parents the welfare of the child is the prime consideration. Dinkel v. Dinkel, 322 So.2d 22 (Fla.1975). The trial judge considered all the evidence before him, including reports by appropriate public agencies which recommended awarding custody to the father, and carefully explained his findings in a well-reasoned order. No abuse of discretion on his part has been demonstrated.
We note that the circuit court’s order requires that appellee take the necessary steps to have his name placed on the child’s birth certificate as the father of the child. According to Section 382.16(5)(c) and (d), Florida Statutes (1981), the father will not be able to have his name placed on the birth certificate unless consented to by the mother or, lacking such consent, paternity is determined by a court of competent jurisdiction. If, in fact, the mother has any bona fide and substantial question concerning appellee’s status as the father, such questions may be finally determined in a duly filed paternity proceeding arising out of appellee’s attempt to comply with that provision of the order.
AFFIRMED.
MILLS and SHIVERS, JJ., concur.