HERSEY, Chief Judge.
This is a case involving custody of a child born out of wedlock. The proceedings began with a petition for adoption in the trial court; however, that petition was eventually dismissed, leaving as the sole issue whether custody should be granted to the natural mother or the natural father of the child. The trial court awarded custody to the father and the mother appeals.
Section 744.301(1), Florida Statutes (1983), provides that “[t]he mother of a child born out of wedlock is the natural guardian of the child.” In Allen v. Childress, 448 So.2d 1220 (Fla. 4th DCA 1984), this court held that section 744.301(1) creates a statutory presumption in the mother’s favor as to custody of an out-of-wedlock child and, as such, “there must be a showing that she is unfit in order for the putative father to be awarded custody.” Id. at 1222. Prior decisions of this court have also recognized the necessity of a determination that the mother was unfit in order to award custody to the putative father. See In re Guardianship of D.A. McW., 429 So.2d 699 (Fla. 4th DCA 1983), aff'd, 460 So.2d 368 (Fla.1984); Jones v. Smith, 278 So.2d 339 (Fla. 4th DCA 1973), cert. denied, 415 U.S. 958, 94 S.Ct. 1486, 39 L.Ed.2d 573 (1974); In the Interest of R.L.G., 274 So.2d 4 (Fla. 4th DCA 1973).
In the instant case, the trial judge specifically stated that he was “not saying that the mother is an unfit mother.” Rather, he awarded custody to the putative father because he felt that, on balance, the father could provide the best home environment.
The issue, then, is whether the statutory presumption may be overcome by factors other than a finding that the natural mother was unfit.
The trial court made various findings of fact, including the following:
Before trial, and on November 28, 1983, the natural mother, ELLA MAE BOSTON, executed a consent for Adoption identified as Respondent’s Exhibit No. 4 introduced in evidence. This consent was for a permanent adoption by TALMADGE QUINN and SALLY B. QUINN, his wife, and ELLA MAE BOSTON agreed to relinguish [sic] all rights to and custody of MARK CHRISTOPHER SCOTT, JR. to these persons. ELLA MAE BOSTON also agreed to waive all notice of and further consent to the proposed adoption. At the time she executed this consent, ELLA MAE BOSTON knew these persons would be taking MARK CHRISTOPHER SCOTT, JR. to live with them in Germany and that the minor child would be removed from the State of Florida for an unspecified length of time.
It was to contest this adoption that the natural father became a party to the proceedings. Thus, we have on the one hand the natural mother who has irrevocably relinquished her parental rights in full expectation that the child will be removed from the country for an unspecified period of time and on the other hand the natural father who strenuously objects to the adop *1308 tion and removal and himself seeks custody-
As a general rule, the release by the mother of her parental rights is irrevocable absent a showing of fraud or duress. § 63.082(5), Fla.Stat. (1988); In re Adoption by Cox, 327 So.2d 776 (Fla.1976); In re Adoption of P.R. McD., 440 So.2d 57 (Fla. 4th DCA 1983); Grabovetz v. Sacks, 262 So.2d 703 (Fla. 3d DCA), cert. denied, 267 So.2d 329 (Fla.1972). There is no indication in the instant case of any attempt by the mother to revoke her consent or that it was obtained by fraud or duress. We do not hold, however, that the consent was totally irrevocable in the unique circumstances of this case. We find, simply, that it was sufficient evidence to overcome the statutory presumption and place the parties in parity.
Not considered by the court because not presented by the parties is the question of the continued viability of presumptions favoring one sex over another for such purposes as awarding custody.
The appellant having failed to bring to our attention any evidence to the contrary, we will not disturb the trial court’s ruling based upon the best interests of the child.
We therefore affirm.
AFFIRMED.
DELL, J., concurs.
ANSTEAD, J., concurs in conclusion only.