509 So.2d 401 (1987)
Anna BARNES, Appellant,
v.
Steven Lee FRAZIER, Appellee.
No. 86-1279.
District Court of Appeal of Florida, Fifth District.
July 9, 1987.
*402 Robert E. Frost, DeLand, for appellant.
No Appearance for appellee.
SHARP, Judge.
Barnes appeals from a final judgment which determines that Frazier shall be the primary residential parent of Steven Barnes, the parties' minor illegitimate son. Barnes and Frazier were never married, and the child was conceived and born while Barnes was married to another man. The parties agreed that Frazier was the father of the child, and Barnes consented to have the child's name changed in this action from Barnes to Frazier. She also stipulated that the sole issue to be tried was which parent should have primary custody. Both agreed to "shared parental responsibility" for the child. We affirm.
Barnes argues on appeal that the trial court breached its discretion in giving Frazier the primary custody of the child. It found them both to be fit and proper parents to have custody, and it gave Barnes secondary residential custody, with liberal visitation rights. The child was approximately four years old at the time of the trial, and at that point had lived with Frazier longer than with Barnes. One HRS home study report recommended that primary custody be given to Frazier, and there was disputed testimony as to which parent was more able to provide the child with a stable home. In selecting Frazier, we cannot say the trial court abused its discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Elebash v. Elebash, 450 So.2d 1268 (Fla. 5th DCA 1984); Callahan v. Cambron, 445 So.2d 394 (Fla. 5th DCA 1984).
However, the more interesting issue involved in this case, which was not raised by the parties at trial or on appeal, is whether the Shared Parental Responsibility Law, section 61.13(2)(b)2, Florida Statutes (1985), is applicable to custody battles between unmarried parents, and whether it supersedes the prior authority in Florida which makes the mother of an illegimate child the child's natural guardian, and entitles her to custody unless she is found to be unfit.[1] The trend in current jurisprudence is to treat both sexes equally,[2] and the Shared Parental Responsibility Law is designed to achieve that goal in the realm of child custody.
Recently in Collinsworth v. O'Connell, 508 So.2d 744 (Fla. 1st DCA 1987), our sister court held the Shared Parental Responsibility law applicable to a non-married couple contesting the custody of their illegitimate offspring. In Collinsworth, however, the mother was given primary residential custody, and therefore no finding of unfitness would have been required. We hold in this case that the Shared Parental Responsibility Law is applicable, and that no finding of unfitness on the part of a natural mother is necessary in order to grant primary residential custody of an illegitimate child to the natural father.
AFFIRMED.
COBB and COWART, JJ., concur.
NOTES
[1] § 744.301(1), Fla. Stat. (1985); In the Interest of R.L.G., 274 So.2d 4 (Fla. 4th DCA 1973); accord, In re: Guardianship of D.A. McW., 429 So.2d 699 (Fla. 4th DCA 1983), approved, 460 So.2d 368 (Fla. 1984); Jones v. Smith, 278 So.2d 339 (Fla. 4th DCA 1973); cert. denied, 415 U.S. 958, 94 S.Ct. 1486, 39 L.Ed.2d 573 (1974).
[2] See Stanley v. Illinois, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972); DeCosta v. North Broward Hospital District, 497 So.2d 1282 (Fla. 4th DCA 1986).