520 So.2d 314 (1988)
David STEPP, Appellant,
v.
Debbie STEPP, Appellee.
No. 87-1620.
District Court of Appeal of Florida, Second District.
February 24, 1988.
*315 Ellen D. Ostman of Ostman & McAuley, P.A., Tampa, for appellant.
Neal Weinstein, Tampa, for appellee.
CAMPBELL, Acting Chief Judge.
Appellant/father, David Stepp, challenges the trial court order that awarded custody of his acknowledged illegitimate daughter to the child's mother, appellee, Debbie Stepp.
Although appellant raises three issues on appeal, we find the first to be dispositive. Appellant argues that the trial court erred when it followed Allen v. Childress, 448 So.2d 1220 (Fla. 4th DCA 1984), and required him to prove the child's mother unfit in order to obtain custody. § 744.301, Fla. Stat. (1985). We agree.
Appellant is the acknowledged father of the child here. His paternity has been established by court order. Since the paternity statute does not address the issue of custody (§ 742.011, et seq.), we reach that issue through the "Florida Guardianship Law" which defines a guardian as "one to whom the law has entrusted the custody and control of the person or property, or both, of an incompetent." § 744.102(1), Fla. Stat. (1985) (Emphasis supplied). The law has previously been thought to entrust the custody of an illegitimate child to its mother under section 744.301, Florida Statutes (1985), which provides in part: "The mother of a child born out of wedlock is the natural guardian of the child." Under this analysis, an unwed father has been required to prove the child's mother unfit before he is awarded custody of the child.
Yet, that same statutory section also provides: "The mother and father jointly are natural guardians of their own children and of their adopted children, during minority." This portion of section 744.301 is typically interpreted to apply only to married parents for whom the best interest of the child is the determining factor in awarding custody. *316 § 61.13, Fla. Stat. (1985). In such cases, the father is to be given the same consideration as the mother, without regard to the age of the child.
Appellant argues that since the law does not explicitly limit joint guardianship to married parents, custody disputes between unmarried acknowledged parents should also be decided on the basis of the best interest of the child. Since a married father in a dissolution proceeding need not show the mother unfit, appellant argues that he, a natural, but unmarried, guardian and father, should not have to prove the child's mother unfit in order to be awarded custody of his child.
The trial court, in requiring appellant to prove the mother unfit, relied on the first analysis, followed in the Allen case. The Allen case holds that the mother of an illegitimate child is the natural guardian as against the putative father.
While not directly overruled or questioned, that case has not been generally followed. Without citing Allen, the First and Fourth District Courts of appeal have held contrary to Allen and applied the shared parental responsibility law (section 61.13) to custody battles between unmarried parents. Collinsworth v. O'Connell, 508 So.2d 744 (Fla. 1st DCA 1987); Barnes v. Frazier, 509 So.2d 401 (Fla. 5th DCA 1987); In Re: A.J.R., 440 So.2d 619 (Fla. 1st DCA 1983). The court in Barnes held:
[T]he Shared Parental Responsibility Law is applicable and no finding of unfitness on the part of a natural mother is necessary in order to grant primary residential custody of an illegitimate child to the natural father.
509 So.2d at 402. Noting that the trend in current jurisprudence is to treat the sexes equally, the Barnes court further implied that its holding superseded prior Florida authority making the mother of an illegitimate child the natural guardian and granting her custody unless she was found to be unfit. We are persuaded by this analysis and choose to follow it here.
We are mindful that the Florida Supreme Court, in In Re: Guardianship of D.A. McW., 460 So.2d 368 (Fla. 1984), approved the fourth district's statement that the mother's legal right to custody is superior to the right of an unwed father unless she is proved unfit. In Re: Guardianship of D.A. McW., 429 So.2d 699, 703 (Fla. 4th DCA 1983). We believe, however, that statement was dicta and need not be followed here since the dispute in that case was between the unwed father and the child's grandmother and not between the natural parents. See Hoffman v. Jones, 280 So.2d 431 (Fla. 1973); Hayes v. State, 439 So.2d 896, 901-902 (Fla. 2d DCA 1983), cert. denied, 447 So.2d 886 (Fla. 1984), rev'd on other grounds, Hayes v. Florida, 470 U.S. 811, 105 S.Ct. 1643, 84 L.Ed.2d 705 (1985).
We follow Barnes, therefore, and hold that the shared parental responsibility law applies and that an unwed natural father need not prove his illegitimate child's mother unfit in order to be awarded primary residential custody of the child. The best interest of the child controls.
The mother here argues that the father does not have standing to raise the child's constitutional rights. First, we need not reach the constitutional rights issue because we do not believe that the statute discriminates between married and unmarried fathers. Second, we believe that section 744.301 and the above case law grants the natural father inherent guardianship and, thus, standing. In any event, appellee mother failed to appeal the paternity finding and has thus waived this issue on appeal. See Collinsworth, 508 So.2d at 745.
We conclude that the trial court did not use the proper standard in making the custody determination. Since the trial court is the proper trier of fact, we remand to allow the trial court to apply the proper test, the best interest of the child.
Finally, appellant argues that the court erred when it allowed appellee to introduce evidence of his life prior to the child's birth, but excluded evidence of appellee's life prior to the child's birth. In view of the fact that appellant did not object at trial, and that testimony concerning appellant's prior drug use was used to *317 impeach his credibility since he had previously testified that he had never used drugs in his life, we find no merit in this argument. We, therefore, remand to the trial court with instructions to apply the best interest test.
FRANK and HALL, JJ., concur.