531 So.2d 228 (1988)
IN the INTEREST OF S.M.H., a Child.
No. 88-707.
District Court of Appeal of Florida, First District.
September 20, 1988.
*229 Mark Evan Frederick, P.A., Destin, for appellant/cross appellee.
Jerome M. Novey of Novey & Mendelson, Tallahassee, for appellee/cross appellant.
NIMMONS, Judge.
This is a dispute between an unwed 15-year-old mother (appellant) and the 16-year-old father (appellee/cross-appellant) over custody of their five-month-old baby daughter.
The minor parents apparently never lived together but continued to reside with their *230 respective parents before and after the birth of the child. Both families sought custody of the child. Pursuant to order of the trial court, a home study was conducted by the Department of Health and Rehabilitative Services to evaluate each family's fitness to meet the needs of the child. The home study concluded that both families were capable of providing the emotional and financial support necessary to properly raise the child and recommended "coparenting, whereby each parent and family will have the opportunity to spend a significant amount of time with [the child], assuming the physical, emotional and financial support of her while she is in their household."
After hearing, the court entered its final judgment in which the court provided for "shared parental responsibility," designated the mother as the "residential custodian," and awarded the following visitation to the father:
a. Commencing March, 1988 and until such time as the child attains 1 year of age the father shall be entitled to exercise visitation in his home two afternoons each week (3:00 p.m. through 7:00 p.m.) and on alternate weekends (5:00 p.m. Friday through 5:00 p.m. Sunday).
b. At such time as the child reaches 1 year of age and until she attains school age (1st grade) the father shall be entitled to exercise visitation in his home two consecutive weeks each month. At such time as the child attains school age the mother and father shall make every reasonable effort to agree to a visitation schedule which will maximize the participation of each parent and at the same time allow the child a stable environment. In the event that an agreement cannot be accomplished the Court reserves jurisdiction to determine that issue.
The mother contends on appeal that the visitation ordered in paragraph b above was an abuse of discretion, characterizing such visitation as, in fact, a "rotating custody" arrangement. The father contends on cross-appeal that the trial court erred in the determination of the primary residence of the child. We will discuss these two issues in reverse order.
With respect to the award of "primary residence," the trial court relied upon Section 744.301(1), Florida Statutes, which provides, in pertinent part, that "the mother of a child born out of wedlock is the natural guardian of the child." The court further reasoned that in order to overcome the statutory presumption that the natural mother of a child born out of wedlock is entitled to custody, it must first be proven either: (1) that the natural mother is an unfit person to be entrusted with the child; or (2) that the mother has abandoned the child or taken such other action as would indicate an intention to relinquish her parental rights (citing, among others, In the Interest of R.L.G., 274 So.2d 4 (Fla. 4th DCA 1973), and In re the Matter of the Adoption of M.Q., 475 So.2d 1306 (Fla. 4th DCA 1985)). The court found that neither of the above factors was present to overcome the presumption in favor of the mother.
This same issue has been dealt with by our sister courts in Barnes v. Frazier, 509 So.2d 401 (Fla. 5th DCA 1987) and Stepp v. Stepp, 520 So.2d 314 (Fla. 2nd DCA 1988). These cases have held that the shared parental responsibility law (Section 61.13, Florida Statutes) now controls custody disputes between unmarried parents, and that an unwed natural father need not prove unfitness of the illegitimate child's mother in order to be awarded primary residential custody of the child. Stepp, 520 So.2d at 316. We agree with Barnes and Stepp and note that our recent decision in Collinsworth v. O'Connell, 508 So.2d 744 (Fla. 1st DCA 1987), while not involving the exact issue before us, is consistent with the spirit of the holdings in Barnes and Stepp.[1]
The final judgment's determination of primary physical residence having been based upon an erroneous standard, that portion of the judgment must be reversed and the cause remanded for redetermination *231 of such issue consistent with this opinion.
On the rotating custody issue raised by the mother, we agree with her that the visitation provisions of paragraph b (reproduced above), which are applicable from age one to school age, do in fact provide for "rotating custody" as that term has, from time to time, been used. Under paragraph b, upon reaching age one, the child is to spend two consecutive weeks each month with the father.
Shared parental responsibility of minor children as provided for in Section 61.13 does not contemplate the shifting back and forth of the physical residence of the children. Frey v. Wagner, 433 So.2d 60 (Fla. 3rd DCA 1983). In fact, Section 61.13(2)(b) provides for a "primary physical residence" for the children. Rotation of the physical residence of children is presumptively not in their best interest. Frey v. Wagner, supra; Elebash v. Elebash, 450 So.2d 1268 (Fla. 5th DCA 1984). However, the best interest of the children is still the polestar and there may be special circumstances in individual cases which may justify rotating physical residence. Alexander v. Alexander, 473 So.2d 236 (Fla. 2nd DCA 1985); Gerscovich v. Gerscovich, 406 So.2d 1150 (Fla. 5th DCA 1981).
Are there special or unusual circumstances in the instant case that would justify the shifting of the child's physical residence back and forth between the mother and father every two weeks? We have found none. Certainly, it is unusual that the father and mother are 16 and 15 years old respectively. But that does not justify the frequent rotation of the child's residence between the father's family and the mother's family.
Likewise, the fact that, as indicated in the home study report, both parties and their families are able and anxious to provide a good environment for the child is not a special circumstance justifying rotating the child's residence.
The father relies in part upon the home study report's recommendation of "coparenting." However, the report does not specifically recommend the kind of residence shifting which was ordered by the trial court. But even if the report could be construed to recommend what the trial court ordered, neither the report nor any other part of the record reveals facts which could constitute the special circumstances necessary to support the order's residence-shifting provision. Compare Alexander v. Alexander, supra (rotation every six months of two-year-old daughter held justified by expert testimony which was received on the subject of the child's custody and which constituted the requisite "special circumstance.")
REVERSED and REMANDED for further proceedings consistent with this opinion.
SMITH, C.J., and MILLS, J., concur.
NOTES
[1] Collinsworth held the shared parental responsibility law applicable to a non-married couple contesting the custody of their illegitimate offspring.