WARNER, Judge,
dissenting.
This is an appeal from a final order awarding the primary physical residence of a minor child to the mother in a dispute between the unwed father and mother regarding custody. The appellant claims that the trial court erred in requiring the father to meet a higher burden of proof than what is required. The pro se mother on appeal states that the father failed to prove she was unfit. I would hold that the court used the wrong burden of proof. I would also recede from this court’s prior decision in Allen v. Childress, 448 So.2d 1220 (Fla. 4th DCA 1984), and I would reverse and remand for reconsideration.
The trial court’s order detailed the evidence presented and made certain findings of fact. The order then stated:
This is, therefore, an extremely difficult case, a “close call.” Essentially within the legal framework this case falls within the allocated burden of proof. That burden is placed upon the father to allege and prove (1) an essential [sic] change in circumstances and (2) that modification would be in the best interest of the child. [See Culpepper v. Culpepper, 408 So.2d 782 (Fla. 2d DCA 1982) and Bernstein v. Bernstein, 498 So.2d 1270 (Fla. 4th DCA 1987)]. In view of the evidence as a whole, the foregoing has not been demonstrated.
The burden of proof applicable to modification of custody proceedings was not appropriate in this case, and neither of the cases cited by the court involve an initial determination of primary physical residence between unmarried parents. This court in Allen v. Childress, 448 So.2d 1220 (Fla. 4th DCA 1984) held that in such proceedings the father was required to prove that the mother was unfit in order to obtain custody of the minor child. However, Allen based its holding on In the Interest of R.L.G., 274 So.2d 4 (Fla. 4th DCA 1973), decided long before the adoption of the Shared Parental Responsibility Law, section 61.13, Florida Statutes (1982). Allen did not address the applicability of the law. Subsequent cases from the First, Second, and Fifth Districts have all considered the statute and held that the father does not *983 have to prove the mother unfit, but that the trial court must simply determine what is in the best interest of the child. See Barnes v. Frazier, 509 So.2d 401 (Fla. 5th DCA 1987); Stepp v. Stepp, 520 So.2d 314 (Fla. 2d DCA 1988); and In the Interest of S.M.H., 531 So.2d 228 (Fla. 1st DCA 1988). I agree with those decisions and would adopt their test, receding from 'Allen.
This was a difficult and close decision. I cannot conclude that the trial court’s decision would be the same absent his reliance on the failure to prove the additional requirement of substantial change in circumstance. After referring to the burden of proof in a modification proceeding, the trial court said “the foregoing has not been demonstrated.” I do not know whether this means that the trial court did not feel that the father had met the burden of proof simply because there was no substantial change in circumstances shown or whether it also means that the trial court felt that it was in the best interest of the child to reside with the mother. It is obvious that the trial court has carefully considered this case and is in a far better position than we are to determine what is in the best interest of the child. I would reverse and remand to the trial court to reconsider this case based upon the proper standard of what is in the best interest of the child without the father having to prove either that the mother is unfit or that there has been a substantial change of circumstance.