612 So.2d 660 (1993)
Mary RACE, Individually and as next friend of Sean Sullivan, a minor child, Appellants/Cross-Appellees,
v.
Patrick Joseph SULLIVAN, Appellee/cross-appellant.
No. 91-2116.
District Court of Appeal of Florida, Fourth District.
January 20, 1993.
Rehearing Denied February 18, 1993.
Richard A. Sherman and Rosemary B. Wilder of Richard A. Sherman, P.A., Fort Lauderdale, and A. Thomas Connick of Boutwell & Connick, Deerfield Beach, for appellants/cross-appellees.
William L. Gardiner, III of Patterson, Maloney & Gardiner, Fort Lauderdale, for appellee/cross-appellant.
STONE, Judge.
The final judgment in this paternity action orders shared parental responsibility. Chapter 742 of the Florida Statutes, governing paternity suits, is silent as to shared parental responsibility, which is authorized only pursuant to section 61.13(2)(b)(2), Florida Statutes. The Appellant/mother contends that shared parental responsibility *661 cannot be applied where the parties are not married, particularly where the father has not otherwise sought sole custody by claiming the mother is unfit. The father admitted paternity and agrees that the mother should be the primary residential parent.
We reject Appellant's argument that the court was required to award her custody unless she is found to be unfit. The shared parental responsibility law, adopted in 1982, is applicable to non-married parents notwithstanding that it does not specifically so provide. Stepp v. Stepp, 520 So.2d 314 (Fla. 2d DCA 1988); In re S.M.H., 531 So.2d 228 (Fla. 1st DCA 1988); Barnes v. Frazier, 509 So.2d 401, 402 (Fla. 5th DCA 1987); Collinsworth v. O'Connell, 508 So.2d 744 (Fla. 1st DCA 1987). Contrary to Appellant's argument, this Court has not previously rejected the application of shared parental responsibility to non-married parents. We have considered our opinion in Allen v. Childress, 448 So.2d 1220 (Fla. 4th DCA 1984), and deem it inapposite.
The issues in Allen concerned the admissibility of evidence and custody. There, this Court applied established law in recognizing that, under the statute, there must be a showing that a mother is unfit in order to award custody to an unmarried father. However, the application of section 61.13(2)(b) to actions under chapter 742 was not raised in that case. We distinguish it here because in Duncan v. Department of Health and Rehabilitative Services, 589 So.2d 982 (Fla. 4th DCA 1991), the dissenting opinion suggests the necessity, on a related issue, to recede from Allen.
The issues in Duncan involved burden of proof. Although Duncan was a per curiam affirmance, it is clear from reading the concurring and dissenting opinions together that this Court recognizes that the appropriate standard to utilize in considering custodial issues, such as are addressed in this case, is the "best interest" of the child. Interestingly, although not addressed, it appears that the shared parental responsibility statute was applied without issue in Duncan. In Duncan, the question presented involved the child's "primary" residence, a subject matter only pertinent in an award of shared responsibility. Similarly, in Rhodes v. Wall, 514 So.2d 437 (Fla. 4th DCA 1987), where the only issue was one of pleading, the opinion assumes that shared parental responsibility would be applied by this Court if properly raised. Here, Appellee did responsively ask for its application.
The trial court did err, however, by awarding only a portion of the Appellant's claimed attorney's fees. The award was an apparent attempt by the court to resolve the attorney's fee issue by securing the acquiescence of the father's attorney, without conducting a hearing or making findings. E.g., Robbie v. Robbie, 591 So.2d 1006 (Fla. 4th DCA 1991). Appellee argues that Appellant's counsel must have agreed to the attorney's fees amount determined by the court as there was no objection raised when the court first announced the figure. However, this is an insufficient basis for concluding, without more, that the Appellant concurred in the court's decision. See Loss v. Loss, 608 So.2d 39 (Fla. 4th DCA 1992), opinion clarified in part on denial of rehearing, 17 Fla. L. Weekly 2473 (Fla. 4th DCA Oct. 28, 1992).
Therefore, we reverse the final judgment with respect to its award of fees and remand for a new hearing on the amount of fees to be awarded Appellant. As to all other issues raised, we find no reversible error or abuse of discretion and affirm.
GLICKSTEIN, C.J., and DELL J., concur.