HARRIS, Chief Judge.
Domestic disharmony caused this mother, Catherine Brigman, to move to New York leaving her children in Florida with their father, Jonathan Brigman. During the course of the separation, the children moved back and forth from Florida to New York. At one time, the children spent six and one-half months with the mother in New York.
When the father refused to return the children to the mother after a stay with him in Florida,[1] the mother filed, in Florida, an emergency petition for temporary custody. At an ex parte hearing, she obtained temporary custody and physical residence of the children. The court did schedule a subsequent hearing in order to hear from the father.
At the subsequent hearing, the father moved to be awarded custody. The mother objected claiming that since Florida was no longer the children’s home state, the Florida court lacked jurisdiction to determine the custody issue. The evidence presented at the hearing demonstrated that the children had been born in Florida and lived here until they joined the mother sometime after the parties separated; during the separation they continued to go back and forth between the parties; all the children’s paternal relatives, their maternal grandmother, their mother’s brother and several of their maternal cousins live in Florida.
Following the hearing, the court determined that Florida has jurisdiction, continued the custody hearing and ordered mediation. The mother appeals the court’s determination that jurisdiction is proper in Florida. We affirm.
The trial court did not determine under the facts of this case which state was the true “home state.” Instead the court relied on section 61.1308, Florida Statutes which provides:
61.1308 Jurisdiction.—
(1) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
* * * * * *
(b) It is in the best interest of the child that a court of this state assume jurisdiction because:
1. The child and his parents, or the child and at least one contestant, have a significant connection with this state, and
2. There is available in this state substantial evidence concerning the child’s present or future care, protection, training, and personal relationships ...
In its order determining that Florida has jurisdiction, the trial court found:
[I]t is in the best interest of the minor children that Florida exercise jurisdiction based on the significant connection between the parents and the children with Florida, and that there exists substantial evidence concerning the children’s present *880 and/or future care, protection, training, and personal relationships, in Florida ...
We find no error and affirm.
AFFIRM.
DAUSKCH and GRIFFIN, JJ., concur.

. Although there was no court order or formal agreement awarding custody to either party, the father seems to have indicated to the mother that he would return the children by the beginning of the school year.