DONNER, AMY STEELE, Associate Judge.
Appellant, Jo-Anne McIntosh, appeals the trial court’s final order granting Appellee’s motion to dismiss, entered April 7, 1993. In the final order, the trial court determined that the appropriate jurisdiction for the determination of child custody matters relating to the minor children, Micha-Anne Archer and Simone Archer, is in Jamaica, West Indies. The trial court further ordered that the children were to be returned to the custody of the father, Appellee, Michael Archer. We reverse and remand with directions.
Presently, Appellant is a resident of Mira-mar, Florida, and Appellee is a citizen of Jamaica. The parties were married in Kingston, Jamaica in July of 1980, and were divorced on August 20, 1986 in Broward County, Florida. The marriage produced one child, Micha-Anne, presently age nine. At the time of dissolution of the marriage no determination was made as to the custody of Micha-Anne. However, both parents agreed that Micha-Anne resided primarily with Ap-pellee in Jamaica and is a citizen of Jamaica.
After the parties’ divorce, another child, Simone Archer, was born in Broward County, Florida on January 1, 1991. Appellee is named as the father on Simone’s birth certificate and has never denied paternity of the child. Appellant testified that Simone has resided at all times with her in Miramar, Florida, with only brief visits to Jamaica. When visiting Jamaica, Simone was always accompanied by Appellant, with the exception of her last visit in September 1992.
To the contrary, Appellee testified that the children resided with him in Jamaica and only visited with Appellant for the Easter and summer holidays of 1992. Appellee asserts that he subsequently sent the children to visit Appellant during Christmas with the provision that they be returned promptly at the end of the year on December 31, 1992. However in December, Appellant obtained a restraining order preventing him from contact with the children and precluding their return to Jamaica.
Appellant testified that when Micha-Ame and Simone returned to Florida, after the *922 Christmas visit to Jamaica, she discovered that Simone had broken her collarbone and that it had begun to heal improperly, causing scarring as a result of medical inattention. Appellant further stated that Micha-Anne had complained to her of being neglected by Appellee. Fearing neglect of the children, Appellant filed, on December 30, 1992, a Supplemental Complaint for Modification of Custody pursuant to the Uniform Child Custody Jurisdiction Act (“UCCJA”), and Complaint for Declaratory Relief to Determine Proper Jurisdiction for Purposes of Custody and Other Matters. In this complaint, Appellant sought custody of both minor children and sought declaratory relief to determine paternity of the minor child Simone. The supplemental complaint also sought relief to determine proper jurisdiction for purposes of determining custody, pursuant to the UC-CJA period. § 61.1301. et seq., Fla.Stat. (1993).
Appellee filed a motion to dismiss the supplemental complaint on March 15, 1993, on the basis of lack of personal jurisdiction. The hearing on that motion was scheduled for April 5,1993. On March 31,1993, Appellant’s counsel filed an emergency motion for continuance to accommodate counsel’s vacation plans. Appellant’s emergency motion was denied. At the hearing on the motion to dismiss, Appellant renewed her motion for continuance which was also denied. With substitute counsel, Appellant participated in the hearing on the motion to dismiss. The trial court granted Appellee’s motion to dismiss for lack of jurisdiction and ordered the children returned to Appellee.
Appellant contends that the continuance should have been granted because the substitute counsel was unfamiliar with the case and, because of this factor, there was insufficient time to arrange the attendance of a crucial witness, a doctor who would have testified on the issue of Appellee’s neglect to the children.
While the granting or denying of a continuance is generally within the discretion of the trial court, we feel that a continuance should have been granted. Because the preliminary allegations of neglect were sufficient for the trial court to enter an ex-parte restraining order, the trial court should have heard all pertinent evidence concerning these allegations.[1] Because the best interest of the children is the crucial determination in these types of eases, the court needs to consider all available information, even if this means continuing the case.
Appellant further argues that the minor child, Simone Archer, should not have been transferred to Appellee as it is a fundamental principle that “the mother of an illegitimate child has a natural, primary or prima facie right to the custody of the child as against a putative father.” In the Interest of R.L.G., 274 So.2d 4, 5 (Fla. 4th DCA 1973).
Although there has been no judicial determination of paternity, it is undisputed that Appellee is the child’s natural father. In the alternative, Appellant argues that the mother of an illegitimate child is the child’s natural guardian, which therefore, entitles her to custody unless she is found unfit. In the Interest of R.L.G.; Accord, In re: Guardianship of D.A McW., 429 So.2d 699 (Fla. 4th DCA 1983), approved, 460 So.2d 368 (Fla.1984); Jones v. Smith, 278 So.2d 339 (Fla. 4th DCA 1973); cert. denied, 415 U.S. 958, 94 S.Ct. 1486, 39 L.Ed.2d 573 (1974). This court has previously rejected the argument that the court is required to award custody to the mother unless she is found to be unfit. Race v. Sullivan, 612 So.2d 660 (Fla. 4th DCA 1993). We continue to hold that the shared parental responsibility law is applicable to non-married parents. The best interest of the child is the operative factor. Id.; see Stepp v. Stepp, 520 So.2d 314 (Fla. 2d DCA 1988); Barnes v. Frazier, 509 So.2d 401 (Fla. 5th DCA 1987).
The relief sought by Appellant in her supplemental complaint was to establish subject matter jurisdiction, such that the court could determine issues regarding custody of *923 the parties’ two minor children. The trial court found no basis for emergency jurisdiction. In light of our finding that the court should have continued the hearing to allow further testimony, we reverse and remand for further proceedings. The trial court should also take further evidence and testimony to determine whether subject matter jurisdiction might be established for the youngest child because of significant contacts within this jurisdiction, in light of the facts that the child and the mother are United States citizens; the child has either resided primarily in Florida or has frequently visited the mother in Florida; and no other jurisdiction has entered a custody order. § 61.1308(1)(b), Fla.Stat. (1993); Feriole v. Feriole, 468 So.2d 1090 (Fla. 4th DCA 1985); O’Connor v. O’Connor, 447 So.2d 1034 (Fla. 4th DCA 1984). If after further hearing, the tidal court determines that Florida has jurisdiction over one or both children and that Florida is a convenient forum, the court would then determine custody based upon the best interest of the child or children over whom the court has found jurisdiction. Brigman v. Brigman, 636 So.2d 878 (Fla. 5th DCA 1994); Kallman v. Kallman, 623 So.2d 1213 (Fla. 3d DCA 1993), rev. denied, 634 So.2d 625 (Fla.1994).
We find that the trial court ordered affirmative relief when it ordered the children to be placed in Appellee’s custody after it had determined that it did not have subject matter jurisdiction to hear the cause. Generally, a court may not order affirmative relief after it has found that it lacks subject matter jurisdiction to hear a cause. Department of Health and Rehabilitative Servs. v. Schreiber, 561 So.2d 1236, 1240-41 (Fla. 4th DCA 1990), rev. denied, 581 So.2d 1310 (Fla. 1991). However, in cases determining child custody, a court retains the power to take such interim steps as may be necessary or appropriate to assure the security of the child and household in this jurisdiction and to assure that no unilateral removals occur pending resolution of the custody dispute. Pefaur v. Pefaur, 617 So.2d 426 (Fla. 3d DCA 1993); Genoe v. Genoe, 515 So.2d 237 (Fla. 4th DCA), rev. denied, 513 So.2d 1061 (Fla.1987).
Until further hearing consistent with this opinion, Simone Archer shall be returned to the Appellant forthwith.
Accordingly, we reverse and remand.
POLEN, J., concurs.
STONE, J., concurs specially with opinion.

. See Outdoor Resorts at Orlando, Inc. v. Hotz Mgt. Co., 483 So.2d 2 (Fla. 2d DCA 1985), wherein the court reversed the lower court’s denial of a motion for continuance holding that "the risk of injustice occurring by putting petitioner to trial without certain testimony outweights our policy of not interfering with the trial court's scheduling of cases to be tried.” Id. at 3.