715 So.2d 320 (1998)
David ENYEART, Appellant,
v.
Barbara STULL, Appellee.
No. 97-00374.
District Court of Appeal of Florida, Second District.
July 24, 1998.
David W. Enyeart, pro se.
No appearance for appellee.
PARKER, Chief Judge.
David W. Enyeart (the father) appeals the trial court's final order awarding primary residential custody of two minor children to Barbara A. Stull (the mother), arguing that the trial court erred in applying the wrong burden of proof. We agree and reverse.
In March 1996, the father filed a pro se petition for custody of the two minor children. The petition alleged that the children's best interests would be served by awarding the father primary residential custody because the mother failed to properly care for the children, and that the mother was verbally and physically abusive to the children. Thereafter, in April 1996, the father filed a pro se supplemental petition for paternity, recognizing that a finding of paternity would be a prerequisite to a custody determination in this case.
In October 1996, the Honorable Peter J. Taylor entered a paternity order pertaining to both children. However, the paternity order entered by Judge Taylor did not resolve the custody matter. Instead, the order reads in unambiguous language, "[t]hat the Court is reserving ruling on the issue of which parent shall be granted primary residential custody of the children...."
In January 1997, the trial court entered a final order on the father's petition for custody. The order states in relevant part:
Judge Taylor, the prior Judge hearing this case, had previously awarded the mother the primary residence. This court, having reviewed the file, the updated investigative report, the records from the child advocacy center (at the request of the father) hereby declines to change the primary residence from the father to the mother.
Clearly, the trial court mistakenly perceived the January 1997 custody hearing to be a custody modification proceeding, rather than what it was, an initial custody proceeding. It is well settled that "[t]he trial court's authority and discretion in a modification *321 proceeding are much more restricted than at the time of the initial custody determination." Blosser v. Blosser, 707 So.2d 778, 780 (Fla. 2d DCA 1998).
When a trial court makes an initial child custody determination, the decision is purely based on the best interests of the children, and neither parent begins with an advantage over the other. See § 61.13, Fla. Stat. (1995). However, when a trial court is asked to modify a final child custody order, the petitioner carries the burden of proof, and that burden is extraordinary. The petitioner must prove both that a substantial change in circumstances has occurred since the last permanent custody order, and that the custody modification would "so clearly promote or improve the child's well-being ... that maintaining the status quo would be detrimental to the child's overall best interests." Blosser, 707 So.2d at 781 (quoting Gibbs v. Gibbs, 686 So.2d 639, 641 (Fla. 2d DCA 1996)).
In this case, it is evident the trial court mistook the nature of the proceeding and in so doing required the father to carry the burden of proof established for modification proceedings. This constitutes reversible error. Accordingly, we reverse and remand this case with directions to the trial court, on remand, to review the proceeding as an initial custody determination.
Reversed and remanded.
QUINCE and WHATLEY, JJ., concur.