850 So.2d 645 (2003)
Carolyn Alfreda KING, Appellant,
v.
Ralph JORDAN, Appellee.
No. 2D02-2681.
District Court of Appeal of Florida, Second District.
July 25, 2003.
John D.C. Newton, II, Tallahassee; Philip A. McLeod, St. Petersburg; and Peter R. Wallace of Skelton, Willis, Bennett & Wallace, LLP, St. Petersburg, for Appellant.
Jane H. Grossman of Law Office of Jane H. Grossman, St. Petersburg, for Appellee.
SCHEB, JOHN M., Senior Judge.
Carolyn Alfreda King, the mother, contends that because the order granting custody of the parties' daughter to the father, Ralph Jordan, was entered in a dependency proceeding under chapter 39, Florida Statutes (1999), the trial court erred in applying the "extraordinary burden test" set forth in Gibbs v. Gibbs, 686 So.2d 639 (Fla. 2d DCA 1996), in adjudicating her petition seeking primary residential custody of their daughter, Porsche, pursuant to section 61.13(2), (3), Florida Statutes (2000). We agree.
Porsche was born December 8, 1989, to parents who never married. In 1993, *646 when the mother was under protective supervision of the Department of Health and Rehabilitative Services, the court adjudicated Porsche dependent as to her mother and placed her with her father. Porsche has continued to reside with her father, his wife, and the father's two other children by a former marriage.
In March 2000, in exercise of its continuing jurisdiction under chapter 39, the court reopened the dependency proceeding, restored to the mother "full rights, duties and obligations as mother," continued the father's primary residential responsibility for Porsche, and granted the mother liberal visitation privileges. In closing that proceeding, the court ordered that the custodial and visitation rights granted were without prejudice to the right of either parent to seek further relief under chapter 61.[1]
In October 2000, the mother filed suit seeking to become Porsche's primary residential parent. The trial court ordered a social investigation pursuant to section 61.20, Florida Statutes (2000). The social investigator recommended, among other things, that shared parental responsibility be continued between the parents but that primary residential responsibility for Porsche be transferred to the mother.
After an evidentiary hearing, the trial court found that each of the parents loved Porsche very much and "they are both ready, willing and able to provide a primary residence for Porsche in a shared parental relationship." Observing that "none of the material facts in this case are disputed," the court found the evidence clearly established that Mr. Jordan has been a good father and that there is great affection between Porsche and her father. The court also found that the mother "has completely turned her life around since the early 1990s, ... has improved her formal education [and] maintains her own apartment in Tallahassee, and ... is active in the community, including her church." The court noted an indication of some conflict between Porsche and her stepmother since Porsche's mother had increased her exercise of visitation rights and observed that Porsche had indicated a preference to live with her mother.
After considering the facts and circumstances, including the factors in section 61.13(3), Florida Statues (2000), the trial court concluded that the mother had not met the "extraordinary burden" required to justify the trial court ordering a change in custody. In support of its judgment, the trial court cited Gibbs, 686 So.2d 639, where this court held that a party seeking to modify a custody decree must establish a substantial change in circumstances since the final judgment and that such a change justifies imposing a change of custody in the best interests of the child. Citing Gibbs, the trial court noted that to change the custodial arrangement it must find that a change will so clearly promote or improve the child's well-being to such an extent that any reasonable parent would understand that maintaining the status quo would be detrimental to the child's overall best interests. Gibbs, 686 So.2d at 641.
In Gibbs, Judge Altenbernd explained: "[T]he analysis in a modification proceeding *647 is substantially different from when the initial child custody decision is made in the dissolution because the presumption in favor of the custodial parent in the modification proceeding can only be overcome by satisfying an extraordinary burden." Gibbs, 686 So.2d at 641.
The mother contends that instead of applying the "extraordinary burden" test under Gibbs, the court should have applied the "best interests" standard because the previous custody determination was one made under the rehabilitative scheme of chapter 39. The father argues that the mother is not entitled to application of the "best interests" test because she is attempting to modify a judgment made by the dependency court and therefore must meet the "extraordinary burden" required to modify custody.
Stability in the placement of children demands that courts respect orders designating a primary residential parent once child custody has been determined. This rationale supports the firm principle that once custody has been determined under chapter 61, a trial judge does not have the same degree of discretion to modify custody as it does in initially determining custody. We therefore reaffirm the standard articulated in Gibbs with respect to modifying a custody decree that was previously determined pursuant to section 61.13(2), (3), in a paternity or dissolution of marriage judgment. But this is not the case before us. Rather, here, custody had simply been incident to placement of Porsche with her father in a chapter 39 dependency case without prejudice to the right of either parent to seek further relief under chapter 61. The trial court, however, treated the mother's petition as one seeking to change custody that had been previously adjudicated, thus improperly requiring the mother to carry the burden imposed under Gibbs to show that a substantial change in circumstances had occurred since the order was entered in the dependency proceedings. See Enyeart v. Stull, 715 So.2d 320 (Fla. 2d DCA 1998) (holding trial court mistakenly perceived custody hearing to be custody modification proceeding, rather than initial custody proceeding, and required movant to carry burden of proof for modification proceeding).
The trial court conscientiously addressed the concerns of the parties and, as noted, gave consideration to the child's best interests. The trial court erred, however, in not recognizing that when a custodial arrangement is ordered in a dependency proceeding the court simply makes a determination to place a child with a responsible adult, preferably a parent, without the necessity of considering all of the factors outlined in section 61.13 concerning a determination of the primary residential parent based on the best interests of the child. The extraordinary burden applicable to a petitioner who seeks to change custody does not apply where, as here, the court has not determined the best interests of a child in awarding primary residential custody in a dissolution of marriage or paternity proceeding.
We reverse the judgment denying the mother's petition for custody and remand to the trial court to make an original determination of custody under section 61.13(2), (3) without according any presumption to either party. The trial court may, in its discretion, allow additional evidence to be submitted to the court to enable it to make a judgment based on all the factors listed in section 61.13(3).
Reversed and remanded.
STRINGER and DAVIS, JJ., Concur.
NOTES
[1] Although these parties were never married, section 61.13(2), (3), has been held to apply to custody determinations involving unmarried parents. See Stepp v. Stepp, 520 So.2d 314 (Fla. 2d DCA 1988) (holding that shared parental responsibility law set forth in section 61.13 applied to custody determination regarding child born out of wedlock); Barnes v. Frazier, 509 So.2d 401 (Fla. 5th DCA 1987) (same); see also Brown v. Bray, 300 So.2d 668 (Fla.1974) (finding paternity statute constitutional by construing it to provide unwed father similar rights to child custody as granted to father in dissolution of marriage).