HAZOURI, J.
Jennifer Pierandozzi, the mother, appeals from the trial court’s order granting primary residential custody of the parties’ daughter to the father, Michael Perry. Both parties filed petitions for custody subsequent to a dependency proceeding upon which the court placed the child with the father and granted visitation to the mother.
The mother first argues that the trial court erred when it treated the petitions as petitions for modification and applied the “extraordinary burden test” set forth in Gibbs v. Gibbs, 686 So.2d 639 (Fla. 2d DCA 1996). In King v. Jordan, 850 So.2d 645 (Fla. 2d DCA 2003), the court reviewed a case similar to the instant case and held that the “extraordinary burden test” applicable to petitions to modify does not apply in custody proceedings brought after a custodial arrangement is ordered in a dependency proceeding. Such a proceeding only determines a responsible adult to care for the child without considering the factors listed in section 61.13, Florida Statutes, under which the court determines the best interests of the child. We agree with the Second District.
In the instant case, even though the trial court apparently used the “extraordinary burden test,” it specifically found that the circumstances of this case showed the necessary substantial change in circumstances.[1] It then applied the best interest standard and awarded primary residential custody to the father. Although the record reflects that it was a close question on whether it was in the child’s best interest for the father to have primary residential custody, we cannot say that there was an abuse of the trial court’s discretion.
The trial court also did not abuse its discretion in its modification of the visitation schedule.
The trial court ordered that the child’s surname be changed from the mother’s to the father’s. The mother argues that this was an abuse of discretion because the father did not show that the change would be in the child’s best interest. See Collinsworth v. O’Connell, 508 So.2d 744, 747 (Fla. 1st DCA 1987). In this instance, such a showing was not necessary because the mother stipulated to the change in the joint pretrial statement and she acknowledged the stipulation at trial. Her citation of section 382.013(3)(e), Florida Statutes (2000), is inapplicable to the present circumstances.
Although we find no abuse of discretion in awarding primary residential custody to the father, we do find that there was a miscalculation of the mother’s child support obligation. The trial court continued her payment of the amount determined at the temporary child support hearing. The evidence at trial, including the child support guidelines worksheet prepared based upon the father being awarded primary residential custody, shows a lesser amount is necessary. The *298 testimony at trial indicated that the mother’s average monthly income was slightly less than that on the worksheet. Therefore, we reverse and remand for recalculation of the mother’s child support obligation.
On the issue of attorney’s fees, the trial court abused its discretion in denying the mother’s request for attorney’s fees. The order from the Department of Children and Families gave the father custody but did not provide any visitation for the mother. The order also provided that the mother could seek custody in family court. In order to get at least some visitation, it was necessary that the mother file the instant petition. The father earns four times as much as the mother. We remand for a determination of an award of attorney’s fees under section 61.16, Florida Statutes.

Affirmed in part; reversed in part.

STEVENSON, C.J., and TAYLOR, J., concur.

. Responding to the father’s argument that the final order from the dependency court granted custody thereby making the current proceeding a modification hearing which required the mother to meet the "extraordinary burden test,” the court stated:
Well, I think from what I’ve heard, if she was on drugs, and that's the reason for the change, and she’s off drags, that's established, that’s pretty — that’s a substantial change in circumstances, and we can go from there ... Well, I think everything goes back to the best interest of the child, so that's to see to the best interest of the child.