Rel: December 6, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2024-2025

————————————————

### CL-2024-0196

————————————————

### A.T.

### v.

### K.B.

## Appeal from Houston Juvenile Court
## (JU-23-637.01)

EDWARDS, Judge.

AFFIRMED BY UNPUBLISHED MEMORANDUM.

Moore, P.J., and Hanson and Fridy, JJ., concur.

Lewis, J., concurs in the result, with opinion.

LEWIS, Judge, concurring in the result.

I concur in the result. I write specially to express my disagreement with a key case relied upon by the unpublished memorandum, J.L. v. D.G.H., [Ms. CL-2023-0616, Apr. 26, 2024] ___ So. 3d ___ (Ala. Civ. App. 2024), specifically because that decision follows the holding in M.C.A. v. Etowah County Department of Human Resources, [Ms. CL-2023-0286, Jan. 31, 2024] ___ So. 3d ___, ___ (Ala. Civ. App. 2024), that a juvenile court may find a child dependent, even though there is a fit custodial parent available to care for the child. Such a finding is, in my opinion, unconstitutional.

In the present case, N.B. ("the child") was born in Florida to M.B. ("the father") and A.T. ("the mother"). Although no Florida judgment was entered affecting the custody of the child, pursuant to Stepp v. Stepp, 520 So. 2d 314, 315 (Fla. Dist. Ct. App. 1988), the parents were inherently joint guardians of the child.

On August 17, 2023, K.B. ("the paternal grandmother") filed in the Houston Juvenile Court ("the juvenile court") a petition alleging that the child was dependent. The father stipulated that the child was dependent. He further testified that he was unable to care for the child and that he

2

did not think that the mother should have custody of the child. The juvenile court determined that the mother and the father had failed to provide for the child, that the father was incarcerated, and that the mother had abandoned the child. The juvenile court found the child dependent and transferred custody of the child from the father and the mother to the paternal grandmother. Only the mother appealed.

This court's unpublished memorandum holds that, in accordance with <u>J.L.</u>, which relied on <u>M.C.A.</u>, even if the mother successfully argued that she did not contribute to the child's dependency, the child may still be found dependent solely because of the father's conduct or condition. Therefore, despite the juvenile court finding the child dependent based on specific findings as to both parents, the unpublished memorandum does not "consider the mother's arguments relating to her [own] conduct and condition" and affirms the juvenile court's judgment in reliance on <u>J.L.</u>

In the unpublished memorandum and in <u>J.L.</u>, this court reiterated the holding from <u>M.C.A.</u> that, if a child is dependent as to one of two parents who had joint custody of the child, the child may be found dependent regardless of the conduct or condition of the other parent. The

3

M.C.A. opinion overruled E.D. v. Lee County Department of Human Resources, 266 So. 3d 740, 744 (Ala. Civ. App. 2018), in which this court held that, when one of two joint custodial parents was a fit custodian, there could be no finding of dependency. This court, in M.C.A., relied on the Alabama Supreme Court's decision in Ex parte L.E.O., 61 So. 3d 1042 (Ala. 2010), which held that a child may be found dependent if he is not receiving "adequate care and supervision from those persons legally obligated to care for and/or to supervise the child." 61 So. 3d at 1047 (emphasis omitted).

The child involved in L.E.O., however, had been abandoned by both persons "legally obligated to care for and/or to supervise him." Id. at 1050 (emphasis added). I conclude that this court's decision in M.C.A. extended L.E.O. further than is constitutionally permissible. If one of the "persons legally obligated to care for and/or to supervise the child" is providing "adequate care and supervision," a finding of dependency is not appropriate.

In my view, allowing a finding of dependency and an award of custody to a third party when a child has a fit custodial parent is unconstitutional. This court has explained:

4

"Among the fundamental rights protected by the Fourteenth Amendment is the right of fit natural parents to the care, custody, and control of their children[.] Griggs v. Barnes, 262 Ala. 357, 363, 78 So. 2d 910, 916 (1955) ('"'The essence of custody is the companionship of the child and the right to make decisions regarding his [or her] care and control, education, health, and religion.'"' (quoting In re Guardianship of Smith, 255 P.2d 761, 762 (Cal. 1953), quoting in turn Lerner v. Superior Court of San Mateo County, 38 Cal. 2d 676, 681, 242 P.2d 321, 323 (1952))), …. That right, being 'fundamental,' is not conferred by the state upon natural parents but arises as an inherent consequence of the parent-child relationship independent of any caselaw, statute, or constitutional provision, see Troxel[ v. Granville], 530 U.S. [57,] 91 [(2000)] (Scalia, J., dissenting) (opining that the right to direct upbringing of [one's] child is one of the '"unalienable Rights"' referred to in the Declaration of Independence and one of the '"othe[r] [rights] retained by the people"' in the Ninth Amendment to the United States Constitution), as an intrinsic human right, Smith v. Organization of Foster Families, 431 U.S. 816, 845, 97 S. Ct. 2094, 53 L. Ed. 2d 14 (1977), 'implicit in the concept of ordered liberty,' Palko v. Connecticut, 302 U.S. 319, 325, 58 S. Ct. 149, 82 L. Ed. 288 (1937), overruled on other grounds, Benton v. Maryland, 395 U.S. 784, 89 S. Ct. 2056, 23 L. Ed. 2d 707 (1969), that is '"rooted in the traditions and conscience of our people."' See Michael H. v. Gerald D., 491 U.S. 110, 122, 109 S. Ct. 2333, 105 L. Ed. 2d 91 (1989) (quoting Snyder v. Massachusetts, 291 U.S. 97, 105, 54 S. Ct. 330, 78 L. Ed. 674 (1934) (Cardozo, J.), overruled in part on other grounds, Malloy v. Hogan, 378 U.S. 1, 84 S. Ct. 1489, 12 L. Ed. 2d 653 (1964)).

"The United States Supreme Court has long maintained that 'the custody, care and nurture of the child reside first in the parents, whose primary function and freedom include preparation for obligations the state can neither supply nor hinder.' Prince v. Massachusetts, 321 U.S. 158, 166, 64 S. Ct. 438, 88 L. Ed. 645 (1944)."

5

E.H.G. v. E.R.G., 73 So. 3d 614, 621-22 (Ala. Civ. App. 2010), aff'd on other grounds, Ex parte E.R.G., 73 So. 3d 634 (Ala. 2011).

Although my opinion is that a juvenile court may not find a child dependent when there is a fit custodial parent available to care for the child, because the law as set forth in M.C.A. is binding unless M.C.A. is overruled,[1] the judgment must be affirmed.

---

[1]I note that no party has asked this court to overrule M.C.A. v. Etowah County Department of Human Resources, [Ms. CL-2024-0286, Jan. 31, 2024] ___ So. 3d ___ (Ala. Civ. App. 2024), and "ordinarily [appellate courts are] disinclined to overrule existing caselaw in the absence of a specific request that we do so." Nettles v. Rumberger, Kirk & Caldwell, P.C., 276 So. 3d 663, 669 n.1 (Ala. 2018).