508 So.2d 744 (1987)
Joyce COLLINSWORTH, a/K/a Joyce Kight, Appellant,
v.
Daniel P. O'CONNELL, Appellee.
No. BQ-305.
District Court of Appeal of Florida, First District.
June 2, 1987.
Robert G. Brown, Sr., Daytona Beach, for appellant.
Michael A. Kolcun, Jacksonville, for appellee.
WENTWORTH, Judge.
Appellant, the mother of a three year old child, seeks review of an order modifying a 1985 final declaratory judgment to grant the appellee father shared parental responsibility, increased visitation privileges, a change in the child's birth certificate to reflect appellee's name as father, and a change in the child's surname to that of the father. We affirm except with respect to a restriction on residence and the provision *745 for change of the child's surname, and we remand for reconsideration of the latter issue.
Appellant contends the trial court erred in 1) not dismissing the action for lack of subject matter jurisdiction based on the putative father's lack of standing to bring a declaratory judgment action; 2) admitting a psychological evaluation of appellant allegedly in violation of her right of crossexamination; 3) modifying custody of the child to provide for shared parental responsibility and unsupervised visitation; 4) imposing a restriction on movement of the child outside the court's jurisdiction; and 5) ordering the child's surname changed on her birth certificate to that of her father. We find that the question as to whether the putative father initially had standing to bring a declaratory judgment action is foreclosed by appellant's failure to appeal the final judgment. We affirm the order as to the admission of the psychological evaluation and the award of shared parental responsibility and increased visitation privileges. We remand for reconsideration of the change in the child's surname because the record does not contain any substantial evidence bearing on that issue and the order does not reflect application of the pertinent legal standards for such a change. We reverse as to the imposition of a restriction on movement of the child outside the court's jurisdiction because appellee did not request that restriction in his motion, the final judgment did not impose that restriction, and the record does not reflect that evidence was submitted to show that such a restriction was necessary in the best interest of the child.
The parties were never married to each other. Their daughter was born December 13, 1983, and has resided with appellant and her husband, whom appellant married shortly after the child's birth. Appellee brought an action for declaratory relief on March 20, 1984, requesting that he be adjudged the father of the child, granted specific visitation rights, and that the child's surname be changed to his name. Appellant has asserted throughout the proceedings that she refused to allow appellee unsupervised visitation with the child because she believed he had psychological problems that presented a danger to the child. She testified that while she and appellee lived together prior to the birth of the child, appellee had exhibited violent and irrational behavior, including throwing her to the ground, and beating her when she was four months pregnant, and threatening to kill her, her father and himself. Appellee voluntarily submitted to a psychological evaluation, and the court ordered an evaluation of appellant. The psychologist concluded that appellee did not suffer from psychological problems which would preclude visitation with his child, and that his past violence was related to the deterioration of his relationship with appellant.
In the corrected final judgment of April 8, 1985, appellant was awarded primary custody of the child, and appellee, who was determined to be the natural father of the child, was awarded supervised visitation. The court reserved jurisdiction to consider the issues of shared parental responsibility and increased visitation after one year. Appellant on February 12, 1986, filed a petition for modification of the final judgment, alleging that appellee had refused visitation during certain periods. He requested shared parental responsibility, regular visitation, and that the child's surname be changed to his own. Following a hearing, the court on October 20, 1986, entered an order finding that appellee posed no danger to the child, granting him shared parental responsibility and increased unsupervised visitation privileges, and providing that the child's birth certificate be changed to reflect his name as father and the child's surname as his. The order stated that neither parent was to remove the child from the court's jurisdiction without obtaining permission by court order.
We find the question as to whether appellee, as the then putative father, initially had standing to bring a declaratory judgment action to adjudicate his paternity and rights foreclosed as appellant did not appeal from the final judgment of April 8, 1985, and the merits of that issue will accordingly not be considered in this appeal from the modification order.
*746 The report of the psychological evaluation of appellant, which had been introduced in evidence at the initial hearing, was properly considered at the hearing on the petition for modification. The final judgment had explicitly provided that the parties at any future hearing were entitled to utilize relevant evidence dating from the conception of the child. The trial court properly took judicial notice of the written report under section 90.202(6), Florida Statutes.
This case presents a question of apparent first impression as to the applicability of the shared parental responsibility statute, section 61.13(2)(b), Florida Statutes (1986 Supp.), to unwed parents. Section 61.13(2)(b)1 provides that it is "the public policy of this state to assure that each minor child has frequent and continuing contact with both parents after the parents separate or the marriage of the parties is dissolved and to encourage parents to share the rights and responsibilities of childrearing." Section 61.13(2)(b)2 provides that "the court shall order that the parental responsibility for a minor child be shared by both parents unless the court finds that shared parental responsibility would be detrimental to the child." (e.s.) The order here concluded that appellee posed no danger to his child. Under the terms of the statute, shared responsibility for a child can be denied a parent only upon a finding that such responsibility would be detrimental to the child. The statute does not differentiate between married and unmarried parents other than to refer alternatively, supra, to contact "after the parents separate or the marriage of the parties is dissolved." (e.s.). Common law principles recognized that a "putative father... had neither rights nor obligations" toward a child born out of wedlock. Ford v. Loeffler, 363 So.2d 23 (Fla. 3d DCA 1978); Carpenter v. Sylvester, 267 So.2d 370 (Fla. 3d DCA 1972). Although a duty of support did follow from admission of paternity, our courts have recognized even in recent years "that the unwed father is not in all respects similarly situated with the unwed mother or the married father." See, Kendrick v. Everheart, 390 So.2d 53 (Fla. 1980); DeCosta v. North Broward Hospital District, 497 So.2d 1282 (Fla. 4th DCA 1986). A statute in derogation of these common law principles, as section 61.13(2)(b) would appear to be, is to be strictly construed under ordinary rules applicable to such statutes. Eppes v. Covey, 141 So.2d 747 (Fla. 1st DCA 1962).
Our reading of the record in this case indicates, however, that the trial court had before it evidence supporting its determination that appellee did not pose a danger to the child, and from which it could conclude that shared parental responsibility had not been shown to be detrimental to the child. As to the issue of increased unsupervised visitation we have recognized that when an unwed father acknowledges his relationship and manifests an interest in and provides support for his child, he should be granted visitation unless it is detrimental to the child's welfare. Mixon v. Mize, 198 So.2d 373 (Fla. 1st DCA 1967). The judgment on that issue and on shared responsibility should accordingly be affirmed based on evidence of appellee's substantial compliance with conditions imposed in the court's original judgment, together with the cited facts and law supporting shared parental responsibility.
The trial court erred, however, in imposing in the modification order a restriction on movement of the child outside the court's jurisdiction, in the absence of a record claim for such an order. Nor do we find evidence directed to the issue of whether the restriction was necessary to protect the child's interests or evidence that there was any change of circumstances since the final judgment to warrant the imposition of such a restriction.
With respect to the child's birth certificate the trial court, without supporting findings other than the fact of paternity, ordered amendment 1) to "reflect that Daniel P. O'Connell is her natural father" and 2) to "change the child's name thereon" to reflect her natural father's surname. Only the second change is appealed, in apparent recognition that the statutes, section 382.21(2), *747 Florida Statutes (1985), require entry of the name of the father when paternity is adjudicated but provide as to the child's surname only that it shall be "in accordance with the finding and order of the court." Section 382.16(5)(d), Florida Statutes. The latter provision prescribes the surname status of children at birth, absent court order, as follows:
(a) If the mother was married at ... conception . .. the surname of the child shall be ... that of the husband... . (b) If the mother was not married at .. . conception, but is married at the time of birth .. . the surname of the child shall be ... that of the husband, , pro-vided the husband gives consent in writing... . (c) If the mother was not married . .. [with] the written consent of the mother and the person to be named as the father ... the surname of the child shall be that of the father... . (e) In all other cases, the surname of the child shall be the legal surname of the mother. (e.s.)
As expressly recognized by the 1985 final judgment in this case, the legal surname of the child here in question was, at birth, the legal surname of her mother, i.e. Collinsworth. Because the order and record on appeal reflect no clear legal or factual support for a change of name, other than the fact of paternity  to which the statute accords no such effect absent written consent of both parents  we conclude that remand is necessary for reconsideration of the issue pursuant to the standard generally recognized by Florida and other courts:
[T]o change the name of a minor ... is a serious matter, and such action may be taken only where the record affirmatively shows that such change is required for the welfare of the minor. Lazow v. Lazow, 147 So.2d 12 (Fla. 3d DCA 1962). See also Anno. 92 A.L.R.3d 1091, 1095.
This standard, emphasizing best interests of the child rather than parents, would accord effect to the same factors governing custody. We also note expressions of different significance, which hold a name change "does not substantially affect the parental relationship... . The parent will be no less the parent" when evidence rebuts a prima facie statutory presumption that retention of the existing name is in the best interest of the child. Petition of Meyer, 471 N.E.2d 718 (Ind. App. 1984); cf., Sullivan v. McGaw, 134 Ill. App.3d 455, 89 Ill.Dec. 540, 480 N.E.2d 1283 (1985); Kirksey v. Abbott, 591 S.W.2d 751 (Mo. App. 1979); Sec. of Comm. v. City Clerk of Lowell, Mass., 373 Mass. 178, 366 N.E.2d 717 (1977); cf., Oglesby v. Williams, 484 F. Supp. 865 (M.D.Fla. 1980). The discretion of the court in such cases is, in any event, to be exercised on the basis of some evidence other than the parties' conclusory assertions appearing in the record before us, absent which the issue should ordinarily be resolved against the party having the burden of proof, the proponent of change.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.
SMITH and SHIVERS, JJ, concur.