559 So.2d 429 (1990)
Kalliope S. JONES, Appellant,
v.
Bob Porter ROBERTS, Appellee.
No. 89-0611.
District Court of Appeal of Florida, Fourth District.
April 11, 1990.
*430 Osborne Walker O'Quinn of Law Offices of Osborne Walker O'Quinn, Fort Pierce, for appellant.
Jane L. Cornett of Wackeen, Cornett & Googe, P.A., Stuart, for appellee.
POLEN, Judge.
Appellant raises three point on appeal. We affirm in part and reverse and remand in part.
In July, 1988, appellee filed a petition to determine paternity, parental rights and primary physical residence of his and appellant's unborn child. Appellant counterpetitioned for determination of paternity, child support, primary residence, medical bills and attorney's fees. The parties' child was born on August 17, 1988. Appellant named the child with her surname. In completing the birth certificate, appellant did not include appellee as the father despite the fact that paternity was undisputed. Appellee did not raise the issue of the child's surname in the initial petition since the child had not yet been born. However, appellee's unilateral pretrial statement raised the matter as a disputed issue in the case.
At trial, appellant expressed her wish that the child's surname not be changed to appellee's. Appellee also testified concerning this issue. The trial court's lengthy order found that it was in the best interest of the child to have the father's surname. The court then ordered appellee to pay one half of appellant's medical expenses, denied appellant reimbursement for her medical insurance premiums and denied appellant's request for attorney's fees. At a subsequent hearing for increased child support, the trial court increased the amount of support but again declined to award fees.
Appellant complains that the trial court erred in changing the child's surname since appellant did not request that specific relief. We disagree. Since every complaint in such a paternity proceeding is considered to pray for general relief, the trial court is required to look at the facts alleged, issues and proof and not the form of the prayer for relief to determine the nature of relief which should be granted. Circle Finance Co. v. Peacock, 399 So.2d 81 (Fla. 1st DCA 1981), review denied, 411 So.2d 380 (Fla. 1981). Courts in equitable actions have the fullest liberty in molding decrees regardless of the prayer for relief. Id. at 84. It was undisputed throughout the litigation that appellee was the natural father of the child. The trial court made these specific findings. Moreover, there was no objection by appellant at trial concerning the issue being litigated nor was there a lack of notice or surprise.
Appellant also claims that section 382.013, Florida Statutes (1987), is vague and does not mandate that the father's surname and the child's surname be the same. She contends that the statute does not state that the child, previously named, shall have its name changed to the father's name. She asserts that the statute only requires that the father's name and the child's name appear on the certificate.
Section 382.013(6)(c) provides:

*431 In any case in which paternity of a child is determined by a court of competent jurisdiction, the name of the father and surname of the child shall be entered on the certificate of birth in accordance with the finding and order of the court. If the court fails to specify a surname for the child, then the surname shall be entered in accordance with paragraph (5)(a) or paragraph (5)(b) whichever is applicable.
While the statute does not mandate that the father's and the child's surname be the same, the statute mandates that upon a finding of paternity by a court of competent jurisdiction, the court shall enter the surname of the child in accordance with its findings. In the case at bar, the trial judge made that specific determination of paternity. The trial court found that:
the petitioner has the sincere desire to establish a father-son relationship. It is hard enough for a child to handle the situation when his parents are first married and divorce. It seems to the court that it would be even harder for this child since he will never have the initial opportunity to reside with his father and establish normal ties by reason of such arrangement.
Accordingly, we conclude that the trial court did not abuse its discretion, Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), and affirm this point on appeal. In the same vein, we reject appellant's argument that this court's decision in Robertson v. Pfister, 523 So.2d 678 (Fla. 4th DCA 1988), requires that a "special petition" must be filed.
As to appellant's second point on appeal we affirm that portion of the trial court's order which denied reimbursement for medical insurance premiums to appellant. We reverse that portion of the order which requires that appellee pay only one half the medical bills for the baby's birth and aftercare and find that the trial court abused its discretion in this regard. Accordingly, on remand the trial court should order appellee to pay 100 percent of the medical bills.
Finally, we find that the trial court abused its discretion in not awarding appellant reasonable attorney's fees for the paternity action and the subsequent modification where appellee had the ability to pay and appellant had no source of income. Alfrey v. Alfrey, 553 So.2d 393 (Fla. 4th DCA 1989). The trial court, in assessing appellant's ability to pay, apparently imputed income to her based on her earning ability prior to her pregnancy. The court further appeared to disapprove the mother's decision to forego gainful employment in favor of staying home and being a full-time parent. We are certainly sympathetic to the trial court's apparent frustration over this issue, and appellant's seeming lack of ability to realistically evaluate the economic facts of life. Even in families where the parents are married and living together, it seems to take both parents working just to make ends meet. Here appellant and appellee are responsible for two separate households. Nonetheless, even if the trial court correctly imputed income to appellant, there would still be a substantial disparity between her income and that of appellee, such as to render it error to deny her any contribution towards her attorney's fees.
Accordingly, we affirm point one on appeal and reverse and remand points two and three for further action consistent with this opinion.
DOWNEY and WALDEN, JJ. concur.