595 So.2d 278 (1992)
Herbert LEVINE, Appellant,
v.
Susan BEST, Appellee.
No. 90-2553.
District Court of Appeal of Florida, Third District.
March 17, 1992.
Greene & Marks and Cynthia L. Greene, Miami, for appellant.
Allison Doliner Hockman, Coral Gables, for appellee.
Before JORGENSON, COPE and GODERICH, JJ.
PER CURIAM.
The father, Herbert Levine, appeals from a final judgment establishing paternity and providing for child support. We affirm, in part, reverse, in part, and remand.
*279 Herbert Levine and Susan Best are the parents of Christopher Scott Levine Best, who was born on June 24, 1986. In accordance with section 382.16(5)(d), Florida Statutes (1985), the child's surname was, at birth, the legal surname of his mother. In July, 1989, the father filed a petition for visitation and other rights asking the trial court to adjudicate his paternity and to order that the child bear his last name. The trial court determined that the child's name would not be changed because everyone, especially his doctors, knew him as Best. Additionally, the trial court ordered the father to pay $525.00 per month in child support. The father appeals.
The first issue presented is whether the trial court abused its discretion in refusing to change the surname of a child born out-of-wedlock from his mother's surname to his father's surname. The standard to applied in changing a child's name is the best interest standard. See Collingsworth v. O'Connell, 508 So.2d 744 (Fla. 1st DCA 1987); Azzara v. Waller, 495 So.2d 277 (Fla. 2d DCA 1986); Arnett v. Matthews, 259 So.2d 535 (Fla. 1st DCA 1972); Lazow v. Lazow, 147 So.2d 12 (Fla. 3d DCA 1962).
In Lazow, 147 So.2d at 12, the court applied a best interest test and concluded that a minor's name may be changed only where the record affirmatively shows that such change is required for the minor's welfare. To apply the best interest standard a court must look at same factors as in custody cases. Collingsworth v. O'Connell, 508 So.2d 744 (Fla. 1st DCA 1987). See also Hamman v. County Court, Jefferson County, 753 P.2d 743 (Colo. 1988); Bobo v. Jewell, 38 Ohio St.3d 330, 528 N.E.2d 180, 185 (Ohio 1988).
In the instant case, the trial court properly determined that the child's name should not be changed because everyone, especially his doctors, knew him as Best. We do not find that the record affirmatively shows that a change of name is needed for the welfare of the minor child. Therefore, the trial court did not abuse its discretion in refusing to change the child's surname.
The second issue presented on this appeal is whether the trial court erred and abused its discretion in awarding child support without clearly stating on the record what income it was basing the award on. We find that the trial court erred in determining the amount of child support. According to the father's financial affidavit, his net income was $800.00 per month. The only way the court could have found that the father could pay $525.00 per month in child support, is by imputing income to him. However, the trial court erred in imputing income to the father without setting forth what amounts it imputed and the sources of this income. See Seilkop v. Seilkop, 575 So.2d 269 (Fla. 3d DCA 1991); Hogle v. Hogle, 535 So.2d 704 (Fla. 5th DCA 1988).
For the foregoing reason, we reverse the child support award and remand this issue to the trial court with directions to make findings as to imputed income or to set forth its reasons for adjusting the guidelines amount in accordance with section 61.30(10)(i), Florida Statutes (1991).
Affirmed, in part, reversed, in part, and remanded.