659 So.2d 1291 (1995)
Sally DURHAM, Appellant,
v.
Larry McNAIR, Appellee.
No. 94-2119.
District Court of Appeal of Florida, Fifth District.
September 1, 1995.
*1292 Stephen E. Hilker of Stephen E. Hilker, P.A., Palatka, for appellant.
Joe H. Pickens of Holmes & Pickens, P.A., Palatka, for appellee.
W. SHARP, Judge.
On appeal, Durham argues that the trial court erred in this paternity suit in two regards: First, establishing such an extensive visitation schedule for Durham's infant son with McNair, the natural father,[1] and second, ordering that the child be called by his father's surname, over her objections, based solely on McNair's paternity of the child. There were two contested hearings held before the trial judge, but only one was reported and appears in the record on appeal. This forecloses our ability to review matters that turn solely on contested factual issues. See Zakhary v. Martin U.S.A., Inc., 640 So.2d 1223 (Fla. 5th DCA 1994); Wright v. Wright, 431 So.2d 177 (Fla. 5th DCA 1983).
With regard to the visitation schedule, it does appear to be more extensive than is customary in cases involving infants. The visitation periods extend late into the evening hours, long past a normal infant's bedtime. However, there is some indication in the part of the record that we have that the hours were worked out by the parties, based on their individual work schedules, and they did not disrupt this infant's normal schedule. Thus, we cannot rule that the trial court abused its discretion in devising the challenged visitation schedule. However, if the parties' work schedules change, or have changed since this order was rendered, and maintaining such a schedule is detrimental to the child, our affirmance does not preclude Durham from seeking a modification, based on current circumstances.
With regard to the court's requirement that the infant be given the surname of McNair, over the objections of Durham, we find that the record is insufficient to allow us to simply affirm. Pursuant to section 382.013, the trial court is authorized in a paternity proceeding to specify a surname for the child.[2] But, the mere fact that McNair happens to be the father of the child does not automatically entitle him to insist the child be given his surname. See Levine v. Best, 595 So.2d 278 (Fla. 3d DCA 1992); Collinsworth v. O'Connell, 508 So.2d 744 (Fla. 1st DCA 1987).
The selection and change of the child's surname from the name chosen by the *1293 mother must be based on the trial court's determination that re-naming is in the child's best interests, and the record must affirmatively show such a name change is required for the welfare of the minor child. In this case, the record is silent on this issue, and the trial court has made no finding in this regard. In Collinsworth, the court pointed out that the party seeking to change the child's name (here McNair) has the burden of proof on this issue, and the discretion of the court should be based on "some evidence other than the parties' conclusory assertions appearing in the record before us... ." 508 So.2d at 747.
Accordingly, we conclude that remand is necessary to allow the trial court to reconsider the name issue, pursuant to the standard set forth in Collinsworth and Lazow v. Lazow, 147 So.2d 12 (Fla. 3d DCA 1962), and for entry of an order specifying why the change of name is in the child's best interest.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent herewith.
PETERSON, C.J., and GOSHORN, J., concur.
NOTES
[1] The child was born in July 1993, and at the time of the proceeding, was one year old. McNair was given late night visitation from 2:30 p.m. until 11:00 p.m. on Mondays and Wednesdays, and overnight visits from 2:30 p.m. on Friday until 8:00 p.m. on Saturday, every other week.
[2] § 382.013(6)(c), Fla. Stat. (1993).