666 So.2d 1054 (1996)
Timothy J. BEAL, Appellant/Cross-Appellee,
v.
Karen T. BEAL, Appellee/Cross-Appellant.
No. 95-1017.
District Court of Appeal of Florida, First District.
January 31, 1996.
E. Jane Brehany of Myrick, Davis & Brehany, P.A., Pensacola, for Appellant/Cross-Appellee.
James L. Chase and Keith A. McIver of James L. Chase & Associates, P.A., Pensacola, for Appellee/Cross-Appellant.
PER CURIAM.
Timothy J. Beal (husband) and Karen T. Beal (wife) were married on November 4, 1989. Their marriage was dissolved on October 11, 1994. The parties' only child was born on June 24, 1991. The trial judge denied the husband's motion to recuse him, ordered rotating parental custody until the child enters kindergarten, designated the wife the primary residential parent once the child enters kindergarten, and ordered the husband to pay retroactive child support. The judge on rehearing reversed the retroactive child support award. The husband appeals; the wife cross-appeals, raising a number of issues.
We write to address only the issue of retroactive child support. The trial court found that the wife waived her claim to retroactive child support. We however have held: "The law is clear that the parents may not contract away the rights of their child for support. Neither may the mother waive the child's right to support by acquiescing in the father's non-payment of support. Child support is a right which belongs to the child." Armour v. Allen, 377 So.2d 798, 799-800 (Fla. 1st DCA 1979) (emphasis added). The trial court thus abused its discretion in failing to award child support retroactively, because the record shows that the child's need and the husband's ability to pay existed at the time of the filing of the petition for dissolution. See Campbell v. Campbell, 635 So.2d 44 (Fla. 1st DCA 1994).
We affirm in all other respects. Affirmed in part, reversed in part, and remanded.
ERVIN, MINER and LAWRENCE, JJ., concur.