720 So.2d 609 (1998)
Tish BARDIN, Appellant,
v.
STATE of Florida, DEPARTMENT OF REVENUE and David Bailey, Appellees.
No. 98-426.
District Court of Appeal of Florida, First District.
November 17, 1998.
*610 Joryn Jenkins, Tampa, for Appellant.
Joseph R. Boyd and William H. Branch of Boyd, Lindsey, Williams & Branch, P.A.; and Chriss Walker of Department of Revenue, Office of Child Support Enforcement, Tallahassee, for Appellees.
LAWRENCE, Judge.
Tish Bardin (Bardin) gave birth to a child, Tyler C. Bardin (child), on July 11, 1995. Bardin was not married when the child was conceived nor when the child was born. David Bailey (Bailey), represented by the State of Florida, Department of Revenue, filed a paternity action against Bardin to determine if he was the father of the child.[1] Bardin, in her answer to Bailey's paternity action, denied that Bailey was the father, but subsequently admitted paternity in a counter-petition for child support. A hearing was held on December 17, 1997, on the remaining issues of child support, attorney fees, and the father's request to change the child's name to Bailey.
Bardin gave birth to the child in Tampa, where she and the child continue to reside. Bailey was living near Panama City when the child was born and was still in residence there at the time of the hearing. The record indicates that Bardin initially refused Bailey's requests for paternity testing. However, there is uncontroverted evidence in the *611 record that Bardin never denied Bailey access to the child.[2] Bailey gave Bardin a total of $200 over the previous two years, but has provided no further support for the child.
Upon adjudging Bailey to be the father, the trial court ordered him to pay child support in the amount of $300 per month. Bardin's request for retroactive child support was denied. The trial court also ordered Bailey to pay for one-half of the child's uncovered medical expenses, but this requirement was not reflected in the written judgment. The trial court also ordered that the child's surname be changed to "Bailey." We reverse.

I. Child Support.
The record in the instant case contains no guideline child support worksheet, which makes it difficult for this court to properly evaluate the basis upon which the award was made. Each party apparently calculated their own figures for guideline child support and presented these figures to the trial court at the hearing. The trial court accepted Bailey's calculation of child support in the amount of $300 per month and stated that this amount was "in accordance with the guidelines contained in Chapter 61, Florida Statutes." However, Bailey, on appeal, conceded that the cost of child care relied upon by Bailey and by the trial court in determining the amount of guideline child support, namely, $220 per month, was not supported by the record. Further, Bailey's guideline calculation did not take into account Bardin's current net income, which the record revealed was $917 per month. Accordingly, we reverse and remand this issue to the trial court for a re-calculation of guideline child support in accordance with Section 61.30, Florida Statutes (1997). The trial court's determination should be based on the current incomes of the parties and include consideration of the reasonable cost of child care in the Tampa area.

II. Retroactive Child Support.
This court holds:
[t]he decision of whether to award [child] support from the date of the petition for modification is within the trial court's discretion. It is an abuse of discretion, however, to fail to award support from the date of the petition for modification where the need for the support and the ability of the former spouse to pay existed at the time that the modification petition was filed.
Anderson v. Anderson, 609 So.2d 87, 89 (Fla. 1st DCA 1992) (citation omitted).[3] In Beal v. Beal, 666 So.2d 1054 (Fla. 1st DCA 1996), this court held that the trial court abused its discretion in failing to award retroactive child support to the date that the petition for dissolution was filed. The Beal court explained that "the child's needs and the [father]'s ability to pay existed at the time of the filing of the petition for dissolution." Beal, 666 So.2d at 1054. See also Campbell v. Campbell, 635 So.2d 44, 46 (Fla. 1st DCA 1994)(holding that "the trial court abused its discretion in failing to award the increased child support retroactive to the date of the petition for modification, because the child's increased need for support and the former husband's ability to pay the increased child support existed at the time the former wife's petition for modification was filed."); Brock v. Brock, 695 So.2d 744 (Fla. 1st DCA 1997)(holding same); Reeves v. Reeves, 586 So.2d 1345 (Fla. 1st DCA 1991)(holding same); Davis v. Davis, 581 So.2d 1005 (Fla. 1st DCA 1991)(holding same).
The record in the instant case shows that the child needed support from the time Bardin filed her petition and that Bailey had *612 the ability to pay. Specifically, Bardin testified that she was not able to support the child on her current salary.[4] Bardin made even less money at the time she filed her petition for support. The record contains two financial affidavits filed by Bailey. The first indicates that Bailey's net monthly income was $1,200 while the second indicates that Bailey's net monthly income was $970.51. When asked whether he had any extraordinary bills or anything else that would affect his ability to pay child support, Bailey answered in the negative, but added that he had "rotten credit and bad debts." Bailey testified that he was "more than willing to pay child support regardless of where it leaves me." Bailey testified that he was leasing a new Toyota truck at a cost of $400 per month. This evidence, taken as a whole, indicates that the child has needed support since the date Bardin filed the petition for support, and that Bailey has had the ability to pay. Indeed, the trial court ordered current child support payments based on Bailey's current net income of $970.51 per month, an amount lower than his former monthly net income of $1,200 per month. We remand this issue to the trial court with instructions to calculate and award retroactive child support to the date Bardin filed her counter-petition for support, based upon the child's needs and Bailey's ability to pay.

III. Change of the Child's Surname.
The trial court changed the child's legal surname from Bardin to Bailey despite the fact that Bailey offered no evidence that the change was in the best interests of the child. This court, in Collinsworth v. O'Connell, 508 So.2d 744 (Fla. 1st DCA 1987), held that the change of a child's surname to that of the father, based only on a finding of paternity, is error. The Collinsworth court explained that a child's surname may be modified "`only where the record affirmatively shows that such change is required for the welfare of the minor.' This standard, emphasizing best interests of the child rather than parents, would accord effect to the same factors governing custody." Collinsworth, 508 So.2d at 747 (citations omitted). Section 382.013(3), Florida Statutes (1997), does not permit a change of surname based only on a finding of paternity.[5] The Collinsworth court explained that the discretion of the trial judge in these cases must "be exercised on the basis of some evidence other than the parties' conclusory assertions...." The Collinsworth court further explained that in the absence of sufficient evidence to show that the name change would be in the best interest of the child, "the issue should ordinarily be resolved against the party having the burden of proof, the proponent of change." Collinsworth, 508 So.2d at 747.
Bailey, as the party seeking to change the child's surname, bore the burden of proof to show that the change would be in the child's best interest. Bailey, however, offered no evidence that a change in the child's surname would be in the best interest of the child. Accordingly, this portion of the order is reversed with instructions to reinstate the *613 child's original surname. See also, Levine v. Best, 595 So.2d 278 (Fla. 3d DCA 1992)(holding, in an adjudication of paternity, that the standard to be applied in determining whether to change a child's surname is the best interest standard); Durham v. McNair, 659 So.2d 1291, 1292-93 (Fla. 5th DCA 1995)(holding, in a paternity action, that "[t]he selection and change of the child's surname from the name chosen by the mother must be based on the trial court's determination that re-naming is in the child's best interests, and the record must affirmatively show such a name change is required for the welfare of the minor child."); Jones v. Roberts, 559 So.2d 429 (Fla. 4th DCA 1990)(holding that the trial court did not abuse its discretion in changing the surname of the child where the court made factual findings that the name change would be in the best interest of the child); Girten v. Andreu, 698 So.2d 886, 888 (Fla. 3d DCA 1997)(holding that the trial court abused its discretion in changing the surname of the child, and explaining that "[t]he mere fact that paternity has been established does not automatically entitle the father to insist the child be given his surname."); Lazow v. Lazow, 147 So.2d 12, 14 (Fla. 3d DCA 1962)(holding that a minor's surname may be changed "only where the record affirmatively shows that such change is required for the welfare of the minor.").
Although we reverse the trial court's order changing the child's name, we decline to remand for a new evidentiary hearing on this issue. This court holds:
When a cause is reversed for lack of evidence, a new trial cannot be awarded on the theory that some additional evidence might have been available at the former trial and will be presented on retrial, or that some such evidence may be found and will be presented on retrial, and that in either event there may be a different result upon the retrial. Absent very limited exceptions which do not appear in this case, we indulge a conclusive presumption that the litigants have presented all available, competent, and material evidence supporting their cause; and failure to do so is at their election and risk. Any other rule would only lead to chaos.
Apalachicola Northern R. Co. v. Tyus, 114 So.2d 33, 38-39 (lst DCA 1959), quashed on other grounds, 130 So.2d 580 (Fla.1961). Similarly, in the instant case, there is not a scintilla of evidence in the record to support Bailey's claim that it was in the best interests of the child to change his surname. Bailey was given ample opportunity to present evidence before the trial judge on this issue. Indeed, following presentation of the last witness, the trial judge inquired of the parties as to whether they had any further testimony to present in the case. None was presented.
The record does not reflect, nor does Bailey argue on appeal, that if given another opportunity, additional evidence could be presented in support of this issue. Therefore, a new evidentiary hearing is not warranted.

IV. Written Order.
A written order or final judgment must conform to the oral pronouncement of the trial court. See Goosby v. Lawrence, 711 So.2d 577, 578 (Fla. 3d DCA 1998)(holding that "the trial court's oral pronouncement must conform to the written judgment"). The trial court in the instant case ordered Bailey to pay one-half of all the child's uncovered medical expenses, but omitted the inclusion of this requirement in the written final judgment. Accordingly, on remand, the trial court is directed to conform the judgment to the oral pronouncement.
The judgment of the trial court is REVERSED and as to certain issues REMANDED for consistent proceedings.
JOANOS and WOLF, JJ., concur.
NOTES
[1] Bailey filed the paternity action fifteen months after the birth of the child.
[2] Bailey, who lives several hours away from Bardin and the child, had visited the child four times in the previous two years.
[3] See Campbell v. Campbell, 635 So.2d 44, 46 (Fla. 1st DCA 1994)(holding that "the trial court abused its discretion in failing to award the increased child support retroactive to the date of the petition for modification, because the child's increased need for support and the former husband's ability to pay the increased child support existed at the time the former wife's petition for modification was filed."); Brock v. Brock, 695 So.2d 744 (Fla. 1st DCA 1997)(holding same); Reeves v. Reeves, 586 So.2d 1345 (Fla. 1st DCA 1991)(holding same); Davis v. Davis, 581 So.2d 1005 (Fla. 1st DCA 1991)(holding same); Girten v. Andreu, 698 So.2d 886 (Fla. 3d DCA 1997)(holding that child support should have been made retroactive).
[4] Bardin testified that her net monthly income was $917, but that her total monthly expenses were $2727.
[5] Section 382.013, Florida Statutes (1997), in relevant part provides:

(2) PATERNITY.
....
(d) If the paternity of the child is determined by a court of competent jurisdiction as provided under s. 382.015, the name of the father and the surname of the child shall be entered on the certificate in accordance with the finding and order of the court. If the court fails to specify a surname for the child, the surname shall be entered in accordance with subsection (3).
....
(3) NAME OF CHILD.
(a) If the mother is married at the time of birth, the mother and father whose names are entered on the birth certificate shall select the given names and surname of the child if both parents have custody of the child, otherwise the parent who has custody shall select the child's name.
(b) If the mother and father whose names are entered on the birth certificate disagree on the surname of the child and both parents have custody of the child, the surname selected by the father and the surname selected by the mother shall both be entered on the birth certificate, separated by a hyphen, with the selected names entered in alphabetical order....
(c) If the mother is not married at the time of birth, the person who will have custody of the child shall select the child's given name and surname.