GROSS, J.
The issue in this case is whether in this dissolution of marriage action, the trial court erred in ordering that the minor child’s last name be formally changed to the name that the parties have used for the child throughout their marriage. We find no abuse of discretion and affirm.
The parties were married in November, 1989. A little over a year before the marriage, the wife had a daughter, Nicole, who was not fathered by the appellee, John Ulbrieh. At the time of Nicole’s birth, the wife was married to Gary Fritts. Although Nicole’s birth certificate lists her surname as “Fritts,” Gary Fritts is not Nicole’s biological father and he has made no claim regarding her care and upbringing. Nicole’s biological father is unknown.
In July, 1996, the wife petitioned for divorce and invalidation of a prenuptial agreement. One of the requests in the husband’s responsive pleadings was for visitation with Nicole, since he contended that the wife had refused to allow him to see the child after his separation from the wife. The husband also sought to adopt Nicole.
In March, 1998, the parties entered into a settlement agreement. The agreement provides that the wife has sole parental responsibility for Nicole, but that the husband will have visitation every other weekend, on holidays and‘special events, and during the summer. Despite the absence of any legal obligation for the husband to do so, the husband agreed to provide financial support for Nicole, including monthly child support of $1,600, hospitalization and medical insurance, private school tuition, any necessary tutoring through high school, summer camp costs, and college expenses up to $150,000. The husband agreed to charge his estate with these support obligations in the event of his death. The husband also agreed to pay the wife an equitable distribution of $600,000 within 80 days of the execution of the agreement. Finally, the husband promised to pay the wife another $500,-000 — $62,500 yearly for eight years, provided that she remain in south Florida with Nicole.
At a final hearing for dissolution of marriage on March 16, 1998, the parties presented the settlement agreement to the court. During the hearing, the husband asked the court to change Nicole’s name from “Nicole Marie Fritts” to “Nicole Marie Ulbrieh.” Although the wife objected to that request, she did not treat it as a breach of the settlement agreement; she did not argue that the husband’s request torpedoed the settlement so that the court should not enter a final judgment incorporating the agreement with its favorable financial terms. Nor did the wife request an evidentiary hearing on the propriety of the name change.
On April 1, 1998, the final judgment of dissolution was rendered which adopted the settlement agreement, prevented the wife from changing Nicole’s name from “Nicole Marie Ulbrieh” to “Nicole Marie Fritts,” and ordered that the name on Nicole’s birth certificate be amended to read “Nicole Marie Ulbrieh.” In granting the husband’s request regarding the name change, the trial court found:
A. The [Wife] voluntarily caused the minor child to be known as Nicole Marie Ulbrieh soon after her birth until quite recently-some eight years which are crucial years in the child’s life.
B. The child continues to have an ongoing relationship of daughter-father with the [Husband].
1. He continues to support her and pay for her education in a fashion which would please most daughters.
2. He continues to visit her, call her, vacation with her, attend Indian Princesses with her and, in fact, function more like a father than many fathers seen by this Court.
8. The child has the right to the continuity of the name given to her soon after her birth by her mother, and to the relationship encouraged by *1094 the mother between her husband and daughter as a father-daughter relationship during the marriage.
Under the circumstances of this case, we affirm the decision of the trial court on the name change. A child’s surname should remain unchanged absent evidence that the change is necessary for the welfare of the child. See Hayhurst v. Romano, 703 So.2d 1178 (Fla. 3d DCA 1997); Collinsworth v. O’Connell, 508 So.2d 744 (Fla. 1st DCA 1987); Azzara v. Waller, 495 So.2d 277 (Fla. 2d DCA 1986). A trial court’s decision whether to permit such a name change is reviewed for abuse of discretion. See Levine v. Best, 595 So.2d 278 (Fla. 3d DCA 1992).
In Levine, the third district considered whether the trial court abused its discretion in refusing to change the surname of a child born out-of-wedlock from his mother’s surname (Best) to his father’s surname (Levine). The court held that the trial court correctly determined that the child’s name should not be changed “because everyone ... knew him as Best.” 595 So.2d at 279. Since the record did not affirmatively show that a name change was in the best interest of the child, no abuse of discretion was found.
In the instant case, Nicole has been known as Ulbrich throughout her childhood. The factors identified by the trial court support the conclusion that it would be in Nicole’s best interest to continue her name as it has been for most of her life. It does not follow that her mother’s divorce from Mr. Ulbrich necessarily condemns Nicole to go by a name she has never used, the name of a man she has never known, a man who has no biological relationship to her. We find no abuse of discretion in this case. See Jones v. Roberts, 559 So.2d 429 (Fla. 4th DCA 1990); § 68.07(8), Fla. Stat. (1997).
We reverse that portion of the order requiring that the name on Nicole’s birth certificate be amended. At the time of Nicole’s birth, the designation of her name complied with section 382.013(2) and (3)(a), Florida Statutes (1997). This case does not fall within sections 382.015 or 382.016, Florida Statutes (1997), regarding the preparation of a new birth certificate or amendments to records. On remand, the trial court may enter a final judgment containing the information specified in section 68.07(4), Florida Statutes, (1997).
Affirmed in part; reversed in part and remanded.
KLEIN and HAZOURI, JJ., concur.