769 So.2d 1148 (2000)
Ronny COTHRON, Appellant,
v.
Deborah A. HADLEY, Appellee.
No. 5D99-3640.
District Court of Appeal of Florida, Fifth District.
November 3, 2000.
Timothy S. Keough of Law Office of Timothy S. Keough, Tavares, for Appellant.
Christopher J. Smith of Williams, Smith & Summers, P.A., Tavares, for Appellee.
PER CURIAM.
Ronny Cothron appeals from a final order changing the surname of his two minor children from Cothron to Hadley, which is the current surname of appellee, his former wife. Because there is no competent evidence to support the trial court's findings, we reverse.
Ronny is a convicted sex offender, serving ten years of probation following a guilty plea of attempted lewd and lascivious acts in the presence of a child.[1] The only testimony in support of appellee's petition for the name change came from appellee who was allowed, over objection, to offer hearsay testimony that the older child wanted no association with the name "Cothron." Appellee also testified that it was her intent to protect the children from any embarrassment they might suffer through the years because of appellant's status as a convicted sex offender, although there was no competent evidence that any such embarrassment had occurred or would occur in the future. There was no evidence other than the appellee's conclusionary testimony that such name change would be in the children's best interests.
Case law suggests that to change the name of a child is a serious matter and such action may be taken only where the record affirmatively shows that such change is required for the welfare of the child. Lazow v. Lazow, 147 So.2d 12 (Fla. 3d DCA 1962). See also Coolidge v. Ulbrich, 733 So.2d 1092 (Fla. 4th DCA 1999). Moreover, the party seeking the name change bears the burden of proof and the court's decision must be based on some evidence other than the party's conclusory assertions as appears in the record before us. See, Durham v. McNair, 659 So.2d 1291 (Fla. 5th DCA 1995); Collinsworth v. O'Connell, 508 So.2d 744 (Fla. 1st DCA 1987).
Accordingly, we reverse the order appealed from, and remand the cause to the *1149 trial court with directions to appoint a guardian ad litem for the children and to hold another hearing at which additional testimony may be taken, including input from the guardian ad litem, so that the court may determine, based on competent evidence, whether a name change is in the best interests of the children.
REVERSED and REMANDED.
THOMPSON, C.J., GRIFFIN, J., and ORFINGER, M., Senior Judge, concur.
NOTES
[1] Not his children.