LEWIS, J.,
dissenting.
I respectfully dissent. Although I agree with the majority that the trial court did not abuse its discretion in modifying the backup care provisions of the shared parental responsibility statement, the trial court did, in my opinion, abuse its discretion in ordering that the child’s surname be changed.
Pursuant to section 382.013(3)(c), Florida Statutes (2004), if a child’s mother is not married at the time of the child’s birth, the parent who will have custody of the child shall select the child’s given name and surname. As we have explained, “ ‘[T]o change the name of a minor ... is a serious matter, and such action may be taken only where the record affirmatively *1174 shows that such change is required for the welfare of the minor.’ ” Collinsworth v. O'Connell, 508 So.2d 744, 747 (Fla. 1st DCA 1987) (citation omitted). The proponent of the name change has the burden of proof. Id. A trial court’s discretion with respect to a name change must be “exercised on the basis of some evidence other than the parties’ conclusory assertions appearing in the record.” Id. Absent evidence that a name change is required for the welfare of the child, the issue should be resolved against the proponent of the name change. Id.
In the instant case, the record is devoid of any evidence that the name change is required for the child’s welfare. What is clear from the record, and from appellee’s arguments on appeal, is that the primary reason appellee desmes the name change is so the child’s name reflects the connection to both parents. However, such a reason is not sufficient to order a name change. See Girten v. Andreu, 698 So.2d 886, 888 (Fla. 3d DCA 1997) (holding that the trial court abused its discretion in ordering the name change because the only evidence presented by the father regarding the name change was his desire that the child bear his surname and his concern that the use of the mother’s surname would allow her greater influence over the child). Moreover, contrary to the majority’s assertion, the record does not reflect that the trial court considered other factors in addition to paternity when ordering the name change. As we have explained, it is error to change a child’s surname based on a finding of paternity. See Bardin v. State, Dep’t of Revenue, 720 So.2d 609, 612 (Fla. 1st DCA 1998); Girten, 698 So.2d at 888 (“The mere fact that paternity has been established does not automatically entitle the father to insist the child be given his surname.”). This case presents nothing more than conclusory assertions on appel-lee’s part as to why the name change is necessary. Because such assertions may not form the basis for a name change, I would reverse the order on appeal. See Aqui v. Sasser, 863 So.2d 449, 449 (Fla. 1st DCA 2004) (reversing the order changing the child’s name because the conclusory assertions made by the father were insufficient to support a name change); Cothron v. Hadley, 769 So.2d 1148, 1148 (Fla. 5th DCA 2000) (reversing the order changing the children’s name because the mother’s testimony that she wanted to protect the children from any embarrassment they might suffer by having the same last name as their father, a convicted sex offender, was conclusory); Carlisle v. Carlisle, 750 So.2d 165, 165-66 (Fla. 1st DCA 2000) (reversing a final judgment changing the parties’ children’s maternal surname to that of the father because nothing in the record disclosed why the name change was in the children’s best interests).