PER CURIAM.
 

 The sole issue in this appeal concerns whether, after ruling that Appellee is the biological father of the child born out of wedlock on March 31, 2004, to Appellant, the trial court erred in changing the child’s legal surname at Appellee’s request. We conclude the record lacks competent, substantial evidence establishing the name change is in the child’s best interests.
 
 See Hutcheson v. Taylor,
 
 43 So.3d 921, 922-23 (Fla. 1st DCA 2010);
 
 Bardin v. State, Dep’t of Revenue,
 
 720 So.2d 609, 612-13 (Fla. 1st DCA 1998), and cases cited therein;
 
 Collinsworth v. O’Connell,
 
 508 So.2d 744, 746-47 (Fla. 1st DCA 1987). Accordingly, we vacate that portion of the Final Judgment on Father’s Amended Complaint for Paternity rendered October 19, 2010, changing the child’s last name, and remand with directions to enter an order returning the child’s name to that listed on her birth certificate.
 

 
 *1241
 
 VACATED in part and REMANDED with directions.
 

 BENTON, C.J., CLARK, and MARSTILLER, JJ., concur.