IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

CRISTINA KIRTLEY,

      Appellant,

v.

FLORIDA DEPARTMENT OF
REVENUE and EUGENE
LEWIS KIRTLEY, IV

      Appellees.
_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-1379

Opinion filed July 6, 2017.

An appeal of an order of the Division of Administrative Hearings.
Lawrence P. Stevenson, Judge.

Cristina Kirtley, pro se, Appellant.

Pamela Jo Bondi, Attorney General, Carrie R. McNair, Assistant Attorney General, Child Support Enforcement, Tallahassee, for Appellee Florida Department of Revenue.

PER CURIAM.

In this case before us, Appellant appeals the lower court's final administrative support order denying retroactive child support.

Eugene and Cristina Kirtley were married and had a son who was less than two years of age when they separated. After their separation, Mr. Kirtley provided

child support totaling $2,720.25. In its proposed administrative support order, the Department of Revenue (the Department) proposed current child support and also $3,342.60 in retroactive child support to make up the difference between what Mr. Kirtley had paid and what he should have been paying under the guidelines provided in section 61.30, Florida Statutes (2016). Mr. Kirtley requested an administrative hearing, challenging the Department's calculation of his income.

At the hearing, the lower court found the following facts: The total monthly support the child needed was $845.84; Mr. Kirtley earns $2,385.46 per month, which constituted 68% of the family's income; and he has the ability to pay child support. Based on those facts and pursuant to section 61.30, Florida Statutes, the lower court imposed $467 per month in child support on Mr. Kirtley, but failed to award retroactive child support, on the grounds that Mrs. Kirtley "waived any retroactive support payments due by [Mr. Kirtley]."

The standard of review on a lower court's denial of an award of retroactive child support is abuse of discretion. *Smith v. Smith*, 872 So. 2d 397, 399 (Fla. 1st DCA 2004). The issue before us is whether the lower court abused its discretion by failing to award retroactive child support. Section 61.30(17), Florida Statutes, provides guidelines for awarding child support retroactively, and does not require the parent receiving child support to attend the hearing.

2

"A trial court abuses its discretion when it fails to award retroactive support . . . where there is a need for child support and an ability to pay." *Leventhal v. Leventhal*, 885 So. 2d 919 (Fla. 3d DCA 2004); *Bardin v. Dep't of Revenue*, 720 So. 2d 609 (Fla. 1st DCA 1998). Specifically, the trial court abuses its discretion by failing to award retroactive child support on the grounds that the mother waived her right to such support. *Beal v. Beal*, 666 So. 2d 1054, 1054 (Fla. 1st DCA 1996) (citing *Armour v. Allen*, 377 So. 2d 798, 799-800 (Fla. 1st DCA 1979), which held that "parents may not contract away the rights of their child for support," and reasoning that the mother may not waive the child's right to retroactive support).

Here, the lower court determined that, although the child was in need of support and the father had the ability to pay, the mother waived any right to retroactive child support by not attending the hearing. Thus, we hold that the lower court abused its discretion by failing to award retroactive child support.

REVERSED and REMANDED.

B.L. THOMAS, C.J., LEWIS and ROWE, JJ., CONCUR.