DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**H.E.,** the father,
Appellant/Petitioner,

v.

**DEPARTMENT OF CHILDREN AND FAMILIES** and
**GUARDIAN AD LITEM PROGRAM,**
Appellees/Respondents.

No. 4D20-1880

[April 7, 2021]

Appeal from the Circuit Court and petition for writ of certiorari to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Yael Gamm, Judge; L.T. Case No. 17-005038CJDP.

H.E., the father, Birmingham, Alabama, pro se.

Ashley Moody, Attorney General, Tallahassee, and Carolyn Schwarz, Assistant Attorney General, Fort Lauderdale, for appellee/respondent Department of Children and Families.

Beth Kathryn Roland of Defending Best Interest Project, Statewide Guardian ad Litem Office, Orlando, and Thomasina F. Moore, Statewide Director of Appeals, Statewide Guardian ad Litem Office, Tallahassee, for appellee/respondent Guardian ad Litem Program on behalf of H.E., the child.

PER CURIAM.

H.E., the father, challenges an order terminating protective supervision and an order changing the child's first name back to the child's original birth name. We treat the appeal from the order terminating protective supervision as a petition for writ of certiorari and deny the petition. *See M.M. v. Dep't of Children & Families*, 189 So. 3d 134, 139-40 (Fla. 2016). The trial court did not depart from the essential requirements of law or cause any irreparable harm. *See S.M. v. R.M.*, 82 So. 3d 163, 170 (Fla. 4th DCA 2012). The trial court properly terminated protective supervision because the child had been reunified with the mother, and the father had

not complied with his case plan tasks despite being given ample opportunity to do so.  § 39.521(1)(c)(3), Fla. Stat. (2020).

We further find that the trial court did not abuse its discretion in changing the child's first name back to his original birth name.  *See Coolidge v. Ulbrich*, 733 So. 2d 1092, 1094 (Fla. 4th DCA 1999).  The undisputed evidence showed that everyone refers to the child by his birth name, and the child responds only to his birth name, not his legal name. The trial court did not abuse its discretion in finding it was in the child's best interest to change the child's first name to his original birth name, the only name the child has ever known.

*Affirmed in part; denied in part.*

LEVINE, C.J., GROSS and KLINGENSMITH, JJ., concur.

*      *      *

**Not final until disposition of timely filed motion for rehearing.**