DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**IN RE: NAME CHANGE OF Y.M.X.,** a minor,

No. 4D22-2592

[May 3, 2023]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Karen M. Miller, Judge; L.T. Case No. 502022DR004343XXXXNB.

June Zhou of Law Office of June Zhou, LLC, Boca Raton, for appellants.

GERBER, J.

The parents of a seventeen-year-old child appeal from two circuit court orders: (1) an order denying the parents' unopposed petition to change the child's first name; and (2) an order denying the parents' motion for rehearing. We affirm the first order, but reverse the second order. We address each order in turn.

### *The Order Denying the Parents' Unopposed Petition to Change the Child's First Name*

"A trial court's decision whether to permit [a child's] name change is reviewed for abuse of discretion." *Coolidge v. Ulbrich*, 733 So. 2d 1092, 1094 (Fla. 4th DCA 1999). "Discretion … is abused when the judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only where no reasonable [person] would take the view adopted by the trial court. If reasonable [persons] could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion." *Canakaris v. Canakaris*, 382 So. 2d 1197, 1203 (Fla. 1980).

The parents argue the circuit court abused its discretion in denying the their pro se petition, by basing the denial on dissolution and paternity cases involving opposed petitions to change a child's *last* name, and not unopposed petitions to change a child's *first* name, as in this case. The parents also argue the circuit court abused its discretion in relying on the fact that the child could seek to change her first name when she turned eighteen years old.

The parents' arguments lack merit. As an initial matter, the parents are correct that the cases which the circuit court cited in its order denying their petition were factually distinguishable, because those were dissolution and paternity cases involving opposed petitions to change a child's *last* name, and not unopposed petitions to change a child's *first* name, as in this case. *See, e.g., Collinsworth v. O'Connell*, 508 So. 2d 744, 747 (Fla. 1st DCA 1987) (the trial court's paternity judgment did not permit changing the child's last name from the mother's last name to the father's last name unless the record affirmatively showed that such change was required for the child's welfare); *Lazow v. Lazow*, 147 So. 2d 12, 14 (Fla. 3d DCA 1962) (the possible adverse effect on the relationship between a father and his child was a valid ground for refusing to change the child's last name from his father's last name to his mother's maiden name).

However, the circuit court's order appears to have cited the foregoing cases not based on their facts, but based on the general proposition that a court should deny a name change petition which contains only conclusory assertions and does not affirmatively show how the name change would be in the child's best interests. *See, e.g., Collinsworth*, 508 So. 2d at 747 ("The discretion of the court in such cases is, in any event, to be exercised on the basis of some evidence other than the parties' conclusory assertions appearing in the record before us, absent which the issue should ordinarily be resolved against the party having the burden of proof, the proponent of change."); *Lazow*, 147 So. 2d at 14 ("To change the name of a minor … is a serious matter, and such action may be taken only where the record affirmatively shows that such change is required for the welfare of the minor.").

Here, the parents' petition averred that neither the child's history, nor the parents' history, included any factor which would disqualify the parents from seeking to change the child's first name, and averred that the parents had no ulterior or illegal purpose for seeking to change the child's first name. *See* § 68.07, Fla. Stat. (2022) ("A husband and wife and minor children may join in one petition for change of name and the petition must show the facts required of a petitioner as to the husband and wife and the names of the minor children may be changed at the discretion of the court."). However, the parents' petition did not show how changing the child's first name would be in the child's best interests. Thus, the trial court did not abuse its discretion in denying the parents' petition.

The parents also are correct that, if the circuit court had denied their petition solely on the basis that the child could seek to change her first name when she turned eighteen years old, such reasoning would have been an arbitrary basis for denying the parents' petition, and thus an

2

abuse of discretion. *Canakaris*, 382 So. 2d at 1203. However, the circuit court's order appears to have included that statement merely as guidance as to how the name change could be achieved due to the closeness in time by which the child would turn eighteen years old.

Thus, we affirm the circuit court's order denying the parents' petition to change their child's first name.

### ***The Order Denying the Parents' Motion for Rehearing***

"A trial court's decision on a motion for rehearing is reviewed for an abuse of discretion." *Gaffney v. Gaffney*, 965 So. 2d 1217, 1221 (Fla. 4th DCA 2007).

The parents argue the circuit court abused its discretion in denying the their motion for rehearing which was supported by the child's birth certificate to prove the child's parentage, and affidavits from the mother, the father, and the child, explaining how changing the child's first name was in the child's best interests.

The parents' argument is meritorious. The child's birth certificate showed that the child was the parents' child. Further, the affidavits from the mother, the father, and the child, explained in great detail how changing the child's first name was in the child's best interests.

Thus, the circuit court erred in not granting the parents' motion for rehearing. We reverse the circuit court's order denying the parents' motion for rehearing. Further, based on the nature of the reasons why the parents and the child are seeking to change the child's first name, we direct the circuit court to immediately enter an order (1) granting the parents' motion for rehearing, and (2) granting the parents' petition to change the child's first name based on the evidence attached to the parents' motion for rehearing.

*Affirmed in part, reversed in part, and remanded with instructions.*

CIKLIN and KUNTZ, JJ., concur.

\*       \*       \*

**The mandate shall issue simultaneously with this opinion.**