PER CURIAM.
The final judgment of dissolution in this case awarded the wife primary residential custody and the father primary educational custody of their six-year-old daughter. The judgment provided for rotating custody on alternating days and weekends. While the appeal from that judgment was pending the trial court granted the father’s emergency motion for modification pending appeal, and after hearing the testimony that the child’s emotional health was deteriorating in the current situation, the court changed primary residential custody to the father. The father appeals both the judgment and the order, and the cases have been consolidated.
The father argues that the trial court erred in ordering him to pay guideline child support, without the adjustment which is required by section 61.30(ll)(b), Florida Statutes (1999), in cases in which the child spends a substantial amount of time with each parent. Because the child is with each parent an equal amount of time, we agree with the father and reverse for a recalculation of child support. Jones v. Johnson, 747 So.2d 1066 (Fla. 5th DCA 2000).
The father also argues that the trial court erred when it changed residential custody, but did not change the visitation schedule. He presented evidence that the rotating schedule was having an adverse effect on the child. We cannot say that the trial court abused its discretion in not changing the visitation schedule. In view of the amount of time which has elapsed since that order was entered, however, that issue can be revisited when the trial court reconsiders child support. Affirmed in part and reversed in part.
KLEIN, SHAHOOD, JJ„ and SILVERMAN, SCOTT J., Associate Judge, concur.