STONE, J.
Vernon Siehewski appeals two orders of the trial court ordering child support payments. The appeals are consolidated. We reverse and remand as to both orders.
A final judgment of dissolution of marriage was entered in December 1999 initially designating the mother as the primary residential parent of the parties’ child with a split visitation schedule allow *851 ing each parent to spend approximately 50% of the time with the child. In June 2000, the trial court modified the original judgment, transferring primary custody of the child to the father. The trial court, however, made no adjustment in the amount of child support, pursuant to section 61.30(ll)(b), Florida Statutes, taking into account the equal amount of time each parent was to spend with the child.
In October 2001, this court reversed the initial final judgment on the issue of child support, concluding that the award must be reduced to account for the substantial amount of time the minor child spent with the father. Sichewski v. Sichewski, 796 So.2d 1233 (Fla. 4th DCA 2001). Subsequently, the trial court entered an order in furtherance of our mandate. The order reduced the father’s child support obligation to $500. However, the trial court, at the same time, denied the father’s request to be reimbursed for his overpay-ments of child support, dating back to the 1999 final judgment, which was the subject of the earlier appeal.
In a separate action, the mother filed a petition for modification of child custody, visitation, and support, contending that there had been changes warranting modification. The father filed a counter-petition. The mother withdrew her petition and, following a hearing, the court granted the father’s counter-petition. By its order, the court continued to recognize the father as the primary residential and educational custodian. Further, the court modified the visitation, reducing the mother’s visita-1 tion time to alternate weekends and midweek visitation on alternate weeks. The court did not, however, modify the father’s obligation to pay child support.
Initially, we conclude that Sichewski has failed to demonstrate that the trial court erred in applying section 61.30(l)(b), Florida Statutes, by fixing the child support award, after taking into account the 50-50 split-custody in effect until that time, at $500. Section 61.30(ll)(b) provides for an adjustment of child support when a child spends a “substantial amount of time with each parent.”
However, although the trial court complied with this court’s mandate by reducing the amount of support, the corrected amount, $500, should also have been adjusted, retroactively, to the date of the final judgment in order to comply with our opinion in Sichewski The father is entitled to a credit for each month’s overpayment subsequent to the commencement of the split visitation.
We recognize the trial court’s reluctance, given the mother’s limited resources, to impose a large lump sum obligation on her to reimburse Sichewski for the overpayments. Nevertheless, we interpret this court’s earlier opinion as holding that the award of child support had been excessive and requiring the final judgment be corrected in this respect on remand. Doing so can only be enforced by adjusting the overpayments retroactively. See Bardin v. State of Florida, Dep’t of Revenue, 720 So.2d 609 (Fla. 1st DCA 1998); Girten v. Andreu, 698 So.2d 886 (Fla. 3rd DCA 1997); State of Florida, Dep’t of Revenue v. Beal, 672 So.2d 608 (Fla. 1st DCA 1996).
With regard to the modification of visitation order, the trial court erred by ordering the father to continue paying the $500 child support obligation although the court reduced the percentage of the mother’s overnight visitation to approximately 30% of time. Section 61.30(ll)(b)(10), Florida Statutes,[1] which was adopted just *852 prior to father’s motion for modification of child support, provides:
[f]or purposes of adjusting any award of child support under this paragraph, ‘substantial amount of time’ means that the noncustodial parent exercises visitation at least 40 percent of the overnights of the year.
(emphasis added) Therefore, because the percentage of the mother’s overnight stays has been reduced to less than 40% of the year, the child support amount is not subject to modification under section 61.30(ll)(b), the provision applied by the trial court.
We also conclude that there is insufficient proof in the record to support Si-chewski’s contention that there had been a change of circumstances based on the income of the parties.
Therefore, we affirm the reduction of support to $500, reverse as to the failure to make that payment amount retroactive, and reverse as to continuing the $500 support after reduction of the mother’s overnight visitation.
WARNER and HAZOURI, JJ., concur.

. Effective July 1, 2001, chapter 2001-158, section 15, Laws of Florida.